**Roscoe D. WOOTEN, Appellant,**

v.

**YOUTHCRAFT MANUFACTURING COMPANY, a Corporation, Respondent.**

No. 46210.

Supreme Court of Missouri,
Division No. 1.

March 10, 1958.

Motion for Rehearing or to Transfer to
Court en Banc or to Modify Opinion
Denied April 14, 1958.

Robert J. Taylor, Tipton, Birmingham, Taylor & Furry, Kansas City, for appellant.

Clyde J. Linde, Robert B. Langworthy, Billy S. Sparks, Kansas City, Langworthy, Matz & Linde, Kansas City, of counsel, for respondent.

WESTHUES, Judge.

Plaintiff Roscoe D. Wooten filed this suit seeking $25,000 as damages for personal injuries alleged to have been sustained on January 19, 1953, through the negligence of the defendant Youthcraft Manufacturing Company which we shall hereinafter call Youthcraft or defendant.

1

Wooten had filed a claim for compensation against the American House and Window Cleaning Company, which we shall hereinafter call the Cleaning Company, and his claim was allowed. Youthcraft made application to intervene in the compensation case, claiming that Wooten was a statutory employee of Youthcraft under Sec. 287.040 RSMo 1949, V.A.M.S. This application was denied and no appeal was taken from that order.

In the petition against Youthcraft, it was alleged that Wooten was employed by the Cleaning Company; that this company had a contract with the defendant Youthcraft to perform the janitorial service in defendant's manufacturing plant; that on January 19, Wooten while at work was injured when closing a 600-pound fire door at about 7:45 p. m., on the premises of the defendant.

The defendant filed an answer to Wooten's petition for damages and one of its defenses was that the case was under the exclusive jurisdiction of the Industrial Commission and governed by the Missouri Workmen's Compensation Law. Wooten claimed that he was not a statutory employee and that the order of the Industrial Commission so holding is final since no appeal was taken therefrom.

On motion, the question of whether Wooten was a statutory employee was, by order of the trial court, tried separately. The trial court heard evidence on this question and held that Wooten was a statutory employee of Youthcraft under provisions of Sec. 287.040, supra. From the judgment entered dismissing the petition, Wooten appealed.

We shall not determine the question of whether the order of the Industrial Commission was final and conclusive on Youthcraft but shall consider only the question of whether Wooten was, under Sec. 287.040, supra, a statutory employee.

The evidence disclosed the following: Youthcraft occupied the fifth, sixth, and seventh floors of a building located at 306 West 8th Street, Kansas City, Missouri. Its business was that of manufacturing women's clothing. Wooten was employed by Youthcraft in 1946 as a janitor. In 1949, he was promoted to a job in the shipping room. In 1950, Youthcraft discontinued having the janitorial work done during working hours. One of defendant's officials testified that it interfered with the work of the employees in doing their cutting and sewing. Youthcraft then entered into a contract with the Cleaning Company to do the janitorial work after working hours which were from 8:00 a.m. to 5:00 p.m. Wooten continued his employment with Youthcraft, working in the shipping room. After the Cleaning Company took over the work of cleaning defendant's premises, Wooten, on his application, was employed by the Cleaning Company to work after 5:00 p.m. Wooten worked with a crew which cleaned defendant's premises as well as a number of others. He was paid for this work by the Cleaning Company. When he first went to work for the Cleaning Company, a man by the name of Thomas was the head of the cleaning crew. Later, Wooten became head of the crew. It is our opinion that under these circumstances Wooten was not a statutory employee of Youthcraft under Sec. 287.040, supra, Sec. 1 of which reads as follows: "Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business."

Defendant, in the brief, says, "The law in Missouri is clear. The question to be decided is whether or not 'the work performed by the party is only incidental, ancillary or auxiliary to the business which the employer carries on' or 'was an essential part of defendant's trade or business.' "

The fact that Wooten was regularly employed by the defendant in the shipping department has no bearing on the law of this case. Wooten's work for Youthcraft ceased at closing time which was usually 5:00 p.m. After that time, he was free to do other work. Wooten is in the same position under the law as Thomas, a member of the cleaning crew, would have been had he been injured.

■ There is no contention that Youthcraft paid Wooten for any of the work done for the Cleaning Company. As we see it, the janitorial work was not an essential part of defendant's trade or business but was only incidental and ancillary thereto. Defendant, in its brief, argues that the cleaning was necessary because the manufacturing business could not be carried on unless the place was kept clean. Neither could the work progress without light. Suppose the defendant company had contracted with some concern which made a specialty of maintaining proper lighting systems in manufacturing plants which required a daily inspection after the plant closed to replace light bulbs if needed. Would that be such work as could come within the statute? We think not. In the case before us, the janitorial work was done after closing time because if done during working hours, it interfered with the proper operation of defendant's business. We think courts may take judicial notice of the fact that janitorial work has become a business in itself and that many concerns now contract to have such work done after the day's business has ended. In fact, the evidence in this case disclosed that at the time of the hearing in this case, defendant Youthcraft had moved its business to another building and the Cleaning Company was under contract to do the janitorial work for Youthcraft as well as for other business concerns. This court has considered the applicability of Sec. 287.040, supra, in a number of cases. See Dixon v. General Grocery Company, Mo., 293 S.W.2d 415, loc. cit. 417, 418; State ex rel. Long-Hall Laundry & Dry Cleaning Co. v. Bland,

354 Mo. 97, 188 S.W.2d 838, loc. cit. 842; Viselli v. Missouri Theatre Building Corporation, Mo., 234 S.W.2d 563. In the Viselli case, the Missouri Theatre Building Corporation entered into a contract with one Berman to do the cleaning of the windows of an office building the corporation owned. Viselli, an employee of Berman, while at work fell to his death. The widow filed a claim for compensation against the owners of the building. It was held that Viselli was a statutory employee. It was pointed out in that case that window cleaning was a part of the defendant's (building owner's) business. It was stipulated that the defendant furnished its tenants various services, such as electricity, heat, air conditioning, janitor service, and window cleaning. Window cleaning was held to have been an essential part of the defendant's business. 234 S.W.2d loc. cit. 566(2).

It was also held in the Viselli case, 234 S.W.2d loc. cit. 565, 566(1), that it is undesirable to formulate a rule or test in cases of this kind; that each case presents its own particular difficulties and must be determined upon its particular facts.

Youthcraft, in its brief, says that "Under the undisputed facts in this case, plaintiff was a statutory employee of the defendant at the time of his accident." Many cases were cited. The first is the Viselli case, supra. We think it is apparent that the Viselli case does not support defendant's position. Suppose the owner of the building occupied by Youthcraft would have agreed to furnish the janitorial service. Would the employees of the owner be considered statutory employees of defendant company? The answer is obvious. Defendant also cited the case of State ex rel. Long-Hall Laundry & Dry Cleaning Co. v. Bland, supra. As we understand that opinion, it supports Wooten's theory. This court said in that case, 188 S.W.2d loc. cit. 842(1), that "The statute declares the operation performed by the workmen must be a part of the *usual* business which 'he'— that is, the particular employer—carries

**4**

on." This court there, 188 S.W.2d loc. cit. 842(2), quoted with approval the following from the case of Perrin v. American Theatrical Co., 352 Mo. 484, 488, 178 S.W.2d 332, 334(1): " 'the chief purpose of provisions of this type is to protect the employees of subcontractors who are not financially responsible, and to prevent employers from relieving themselves of liability by doing through independent contractors what they would otherwise do through direct employees.' "

We rule that Youthcraft's contention to the effect that the work Wooten was doing at the time he was injured was an essential part of its trade or business cannot be sustained. We hold that the work was only incidental, ancillary, or auxiliary thereto. Wooten may maintain a common-law action for his damages against the defendant company.

The judgment of the trial court is, therefore, reversed and the cause remanded.

All concur.