**Joshua BROWN, Appellant,**

v.

**KONE, INC., et al, Respondent.**

**No. WD 67130.**

Missouri Court of Appeals,
Western District.

Jan. 30, 2007.

Thomas Stein, Kansas City, for Appellant.

Douglas Ghertner, Kansas City, for Kone, Inc.

John R. Loss, Kansas City, for Highwoods Realty.

RONALD R. HOLLIGER, Presiding Judge.

Joshua Brown appeals the trial court's judgment that Highwoods Realty Limited Partnership ("Highwoods") was his statutory employer and, therefore, entitled to the immunity provided by the Workers' Compensation Act ("Act"). We hold that the trial court correctly dismissed Brown's common-law negligence claim because Brown's exclusive remedy was under the Act and the circuit court therefore lacked jurisdiction to hear the claim.

## Facts

Joshua Brown was injured when a grate from the ceiling of a parking garage elevator fell on him while he was cleaning the elevator. Brown worked for American Sweeping, Inc., which had contracted to provide cleaning services for Highwoods, the owner of the garage and elevator.[1]

Brown brought a common-law suit claiming that the defendants' negligence caused his injuries. Highwoods defended by arguing that the court lacked jurisdiction over the subject matter, in that Brown was a statutory employee of Highwoods. Therefore, they argued that his exclusive

---

1. Brown also named as defendants, Kone, Inc., J.E. Dunn Construction Company, Walton Construction Company, and Highwoods Properties, Inc.

remedy was under the Missouri Workers' Compensation Law. The trial court sustained Highwoods' motion to dismiss for lack of subject matter jurisdiction, and Highwoods appeals pursuant to Rule 74.01(b).

On appeal, Brown argues that dismissal was improper because genuine issues of material fact exist as to whether he was a statutory employee of Highwoods because cleaning elevators was not part of the usual course of business of Highwoods.

## Discussion

Our analysis must begin with a recitation of the relevant Workers' Compensation Law sections. Under the Workers' Compensation Law, a statutory employer is defined as:

> Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Section 287.040.1 RSMo (2000). This statutory employer enjoys civil law immunity pursuant to Section 287.120.1, which states:

> Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee of any other person.

Brown relies upon both *Wooten v. Youthcraft Manufacturing Co.*, 312 S.W.2d 1 (Mo.1958), and *Bass v. National Super*

*Markets, Inc.*, 911 S.W.2d 617 (Mo. banc 1995). Although *Wooten* involves some factual similarities to this case (Wooten was providing janitorial services also), Brown's reliance is misplaced because *Bass* rejected the test used by *Wooten* which found that providing janitorial services was not in the usual course of Youthcraft's business.

In *Bass*, the Missouri Supreme Court "reexamine[d] the manner in which appellate courts ... have made determinations of statutory employment under" the workers' compensation law. *Id.* at 618. The court said that appellate courts had followed two lines of authority in determining whether work was in the usual course of a claimed statutory employer's business. One line of cases said that the usual business of a company included all activities essential and integral to the business. *Id.* at 620. Using this test the Supreme Court in *Wooten* held that the janitorial services provided to a clothing manufacturer was only incidental and ancillary to the business of manufacturing clothing. 312 S.W.2d at 3. The second line of cases said the Supreme Court in *Bass* "places greater focus on the routine and frequent nature of the independent contractor's activities to determine whether the work is within the usual business of the putative employer." 911 S.W.2d at 620. The Court observed that "[t]he difficulties that attend holdings relying on the essential/integral test are obvious from the uneven results reached in the cases." *Id.* at 621.

*Bass* also involved the provision of janitorial services through an independent contractor. Building Butlers, Inc. ("BBI") contracted to provide personnel and janitorial services for National Supermarkets ("National"). *Id.* at 618. Kenneth Bass was hired by BBI to perform janitorial services for National and was shot and killed during a robbery one night at Na-

tional. *Id.* His family members filed a wrongful death action against National. *Id.* In response, National filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Bass was a statutory employee of National subject to the workers' compensation laws. *Id.* Based on the language of the statute, the court stated that "statutory employment exists when three elements coexists: (1) the work is performed pursuant to a contract; (2) the injury occurs on or about the premises of the alleged statutory employer; and (3) the work is in the usual course of business of the alleged statutory employer." *Id.* at 619–20. The parties agreed that the first two elements were not at issue. They disagreed on whether the janitorial services performed by BBI and Bass were within the usual course of National's business. *Id.* at 620.

The court "define[d] a putative employer's 'usual business' as used in *section 287.040* as those activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement." *Id.* at 621. The court held that "at the time of his death Bass was performing work within the usual course of National's business" and, therefore, he was "a statutory employee of National as a matter of law." *Id.* at 622. The court explained that "[t]he [oral] agreement [between National and BBI] required nightly cleaning as well as periodic stripping and waxing of National's floors." *Id.* at 621. Additionally, "[t]his work was routinely done on a regular and frequent schedule and repeated over a relatively short span of time." *Id.* at 621–22. Finally, "[a]bsent its contract with BBI, National would have had either to assign floor care duties to its staff or hire a staff specifically to maintain its floors" because of Department of Health regulations requiring the necessary "cleaning of floors, walls and ceilings." *Id.* at 622. The court explicitly favored the routine/ frequent test as "more narrow," not the test used in *Wooten* (although not expressly reversing *Wooten* ). *Id.* at 621.

### Standard of Review

■ "Where the facts are not in dispute as to the nature of the agreement and the work required by it, the existence or absence of statutory employment is a question of law for the courts to decide." *Id.* It is "[o]nly where the parties disagree as to whether the work that caused the injury was work performed under and required by the contract between the putative statutory employer and the independent contractor will a factfinder be asked to render a factual decision." *Id.* Brown misinterprets this standard and asserts that genuine factual disputes prevent a finding by the court that his work was in the usual course of business. That issue is always a question of law based on either the undisputed or jury decided facts as to whether the work was performed under a contract and was the type of work contemplated by the contract.

■ There is no dispute that Brown's employer entered into a contract for the general maintenance and cleaning of Highwoods' premises, which included the elevator. There is also no dispute that the alleged injury occurred on Highwoods' premises in the course of Brown's employment. The only issue in this case is whether Brown, as a matter of law, was acting in the usual course of Highwoods' business at the time of his injury. Clearly he was. The contract between Highwoods and American Sweeping required nightly maintenance and cleaning of Highwoods' premises, including the parking garages

and, therefore, also the elevators. The work was routinely done on a regular and frequent schedule, *i.e.* nightly. Furthermore, it was repeated over a relatively short span of time. Finally, the uncontroverted affidavit of Highwoods' Director of Asset Management stated that in the absence of the contract with American Sweeping, Highwoods would have been required to hire permanent employees to perform the maintenance.

### Conclusion

Based on the facts of this case, we find that, as a matter of law, Brown was a statutory employee of Highwoods, and, therefore, his exclusive remedy was under the workers' compensation laws. The trial court's dismissal is affirmed.

PAUL M. SPINDEN, Judge, and LISA WHITE HARDWICK, Judge, concur.