No. 11,317.

AMERICAN RADIATOR CO., ET AL. *v.* FRANZEN, ET AL.

Decided March 14, 1927.

Proceeding under the workmen's compensation act. Judgment of the district court upholding award of the commission.

*Reversed.*

1.  WORDS AND PHRASES—*"Business."* The "business" of a person as the word is used in § 4423, C. L. '21, is that calling which he pursues for livelihood or gain.

2.  WORKMEN'S COMPENSATION—*Employee.* A person accidentally injured while cleaning windows for a company engaged in manufacturing and selling heating plants and which employed a window cleaning company to clean its windows, held to be an employee of the ·window cleaning company by which he was regularly employed, and not of the heating company.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. F. W. VARNEY, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

FRANZEN was awarded compensation against the Metropolitan Window Cleaning Company, primarily, and, secondarily against the American Radiator Company. The Metropolitan company paid the award. The commission then changed its award and held that the radiator company was primarily liable. The district court affirmed this award and the radiator company brings error.

The business of the Metropolitan company was window cleaning and other cleaning. It was employed by the radiator company, whose business was manufacturing and selling heating plants, to clean its windows twice a month, and sent Franzen, who was one of its regular employees, to do the work and in doing it he was injured. The radiator company had insured its liability with the Ocean Accident and Guaranty Corporation, its co-plaintiff in error. The only question is whether Franzen was an employee of the radiator company. We think he was not. The claim rests on C. L. § 4423, § 49 of Workmen's Compensation Act: "Any person    *    *    *    operating or engaged in or conducting any business by    *    *    * contracting out any part or all of the work thereof to any    *    *    *    contractor    *    *    *    shall    *    *    *    be an employer    *    *    *    and shall be liable    *    *    *    to pay compensation for injury    *    *    *    to said    *    *    *    contractors    *    *    * and their employes."

The business of a person, as the word is here used, is that calling which he pursues for livelihood or gain. Webster. Washing windows is not a part of the business of manufacturing and selling heating systems.* Franzen, then, was not the employee of the American Radiator Company.

The Attorney General agrees with and concedes the above argument, but suggests that since the award has been satisfied the question is moot; however, since the record shows an award against the radiator company, we think that it has a right to have this apparent liability removed.

Judgment reversed with directions to set aside the commission's award.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.

---

* For an example of what is a part of a business, see *Industrial Com. v. Continental Co.*, 78 Colo. 399, 242 Pac. 49.