No. 16,468.

MEYER ET AL. v. LAKEWOOD COUNTRY CLUB ET AL.

(220 P. [2d] 371)

Decided June 19, 1950.

Mr. JOHN W. METZGER, Attorney General, Mr. ALLEN MOORE, Deputy, Mr. DONALD C. MCKINLAY, Assistant, for plaintiff in error Industrial Commission.

Mr. B. E. SCHALOW, III, for individual plaintiffs in error.

Messrs. MCCOMB, NORDMARK & ZARLENGO, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

UPON review of an award of the Industrial Commission, the district court ordered that the award be set aside and the claim dismissed. Claimants now ask reversal of that judgment.

There are no disputed facts. The law question is, "Was deceased an employee of Lakewood Country Club, a defendant in error?"

The Lakewood Country Club is a nonprofit organization with country club property in Jefferson county, which is operated solely for the benefit, convenience and pleasure of its members and their guests. The main club building has a sewer line approximately 300 feet long to, and connected with, the city sewer line. This sewer line became clogged, and at a meeting of the board of directors of the club on December 18, 1947, it was decided that three manholes be installed along the line so that in the future, if trouble occurred, it would be possible to clear the line without excavating and marring the turf. Summers, as chairman of the club's property committee, asked the board to authorize the expenditure of up to $250 for the installation of the manholes. This expenditure was authorized and Summers engaged Rudolph E. Meyer, now deceased, a drainage contractor, to dig the three manholes and prepare them for cement bases on a contract price of $100. Meyer, the decedent, undertook the job and while so working, his shovel came in contact with a high voltage electric wire and he was electrocuted. His widow and children, plaintiffs in error, filed claim with the Industrial Commission, and, after hearing, an award in payments totaling $5,475 was made to them on the basis of deceased having been an employee of the Lakewood Country Club.

In due course, the district court on review determined that deceased was not an employee of Lakewood Country Club under the terms of the Workmen's Compensation Act, and ordered the award set aside and the claim dismissed.

It is the contention of claimants that this case is controlled by the provisions of section 49 of the Workmen's Compensation Act, being section 328 of chapter 97, '35 C.S.A., the pertinent part of which is: "Any * * * cor-

poration operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work to any * * * contractor * * *, shall irrespective of the number of employes engaged in such work, be construed to be and be an employer as defined in this article, and shall be liable * * * to pay compensation for injury or death resulting therefrom to said * * * contractors * * *."

Claimants contend that, since the Lakewood Country Club was engaged in the country club business, a vital part of that business was the upkeep of its grounds and facilities, including the sewer above described, and when it made the contract herein mentioned and contracted out that part of its business to the decedent, a contractor, liability as an employer attached. The defendant club contends that deceased was not a regular employee of the club, and therefore, no liability under the Act attaches, and further, that the club did not contract out a part of its business.

Where there is no conflict in the testimony and it appears that an award of the Industrial Commission is based on unwarranted inferences or improper application of the law, the district court is at liberty to set aside the award.

The Lakewood Country Club, as an organization, is not engaged in the kind of business, any part of which could be contracted out. As an organization, it operates the facilities customary in such places for the convenience and pleasure of its members. For the full enjoyment of some of its facilities it is necessary to have a sewer line. By the contract with deceased, the club contemplated his doing work on property of the club, and not his doing work as a part of the business of the club. So far as the record discloses, the club retained no control whatever over the work that was to be performed. There was no time limit for the completion of the work, as it was to be performed at decedent's convenience. There is no distinction, as a matter of law,

between the employment here, and that in cases where any business concern calls in any one or more of the various lines of craftsmen to do special work either in installation or repairing its facilities. The decedent was an independent contractor and as such contracted with such people or organizations as desired or required his services in a particular type of work. He falls within the same classification as that of a plumber, electrician, painter or other skilled workman who may be engaged for special work. Digging manholes is not a part of the underlying business of the club here involved. The case falls squarely within our ruling in *American Radiator Co. v. Franzen,* 81 Colo. 161, 254 Pac. 160, which we hold to be controlling herein.

The finding of the trial court that the deceased was not an employee of the club within the meaning of the Workmen's Compensation Act was correct, and the judgment is affirmed.

MR. JUSTICE JACKSON and MR. JUSTICE HAYS dissent.