No. 17,197.

FLAKE MOTORS ET AL. *v.* HUSKINS ET AL.
(262 P. [2d] 736)

Decided November 2, 1953.

Mr. L. F. BUTLER, Mr. PAUL V. HODGES, JR., for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission.

Messrs. McCOMB, ZARLENGO, MOTT & SCHMIDT, for defendant in error Huskins.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFFS in error will be referred to as "Flake Motors," and defendant in error Huskins as "Huskins" or "claimant," and the Industrial Commission as "Commission."

From a judgment of the district court affirming an award of Commission in favor of Huskins and against Flake Motors, the latter prosecutes this writ of error.

Flake Motors was engaged in the business of buying and selling used automobiles, and for that purpose operated used car lots, including one at 324 Broadway, Denver, Colorado. Flake Motors contracted with G. S. Carter, doing business as Neon Maintenance Company, for the manufacture and installation of a sign on the Broadway lot bearing the lettering "USED CARS." Claimant was an employee of Carter. On May 25, 1952 claimant was injured while installing the sign Carter had contracted to make and erect for Flake Motors. Claimant filed his claim for compensation against Carter and Flake Motors asserting that they were his employers. The award of the Commission in favor of claimant was against both Carter and Flake Motors. Carter did not object to the award. Flake Motors filed appropriate petitions for review, which were denied, and in due course filed a complaint in the district court seeking a review of the award. The district court affirmed the award against Flake Motors, and the cause is here on the sole question whether or not Flake Motors, under the facts, became liable to claimant as a statutory employer by reason of section 49 of the Workmen's Compensation Act (S.L. '19, c. 210), being section 328, chapter 97, '35 C.S.A. This section of the Workmen's Compensation Act in part, reads: "Any person, company or corporation operating or engaged in or conducting any business by *leasing, or contracting out any part or all of the work thereof* to any lessee, sub-lessee, contractor or sub-contractor, shall irrespective of the number of employees engaged in such

work, be construed to be and be an employer as defined in this article, and shall be liable as provided in this article to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employees * * *." (Emphasis supplied.)

The finding of the Industrial Commission, based on that of its Referee, is: "The Flake Motors had contracted a part of its business, the erection of a sign, to Carter and becomes liable as an employer by operation of Section 49 of the Workmen's Compensation Act."

Claimant was under the direct supervision and control of Carter, who furnished claimant's tools and materials, paid his wages and determined his hours of employment.

It is admitted that Flake Motors never was engaged in the sign business, and that its sole business was the buying and selling of automobiles.

The inquiry here is whether, under said section 49, Flake Motors was "operating or engaged in or conducting business by *leasing or contracting out any or all of the work thereof* to any lessee, sub-lessee, contractor or sub-contractor" when it ordered the sign made and installed.

Our decisions are conclusive on this question. These cases are: *American Radiator Co., et al. v. Franzen, et al.,* 81 Colo. 161, 254 Pac. 160, and *Meyer, et al. v. Lakewood Country Club, et al.* 122 Colo. 110, 220 P. (2d) 371. In the American Radiator Company case, claimant, an employee of a window cleaning company, was injured while washing windows at the plant of the radiator company. We there held that the claimant was an employee of the window cleaning company, and not of the radiator company, and that no liability attached to the latter by virtue of section 49, above quoted. We approved the rule thus announced in *Meyer et al. v. Lakewood Country Club, et al.* supra. There, we said: "For the full enjoyment of some of its facilities it was necessary [for the country club] to have a sewer line. By the contract with deceased, the club contemplated his doing work on the

property of the club, and not his doing work as a part of the business of the club." * * * he [claimant] falls within the same classification as that of a plumber, electrician, painter or other skilled workman who may be engaged for special work. Digging manholes is not a part of the underlying business of the club here involved. The case falls squarely within our ruling in *American Radiator Company v. Franzen,* * * * which we hold to be controlling herein."

This is not a case of dispute in the evidence. The record, without denial anywhere, discloses that the manufacture and erection of signs was no part of the business or calling pursued by plaintiffs in error, and we must conclude that Flake Motors, under the record, did not lease or contract out any part of its work.

Judgment reversed and cause is remanded with directions to set aside the commission's award against Flake Motors.