No. 20,009.

Pioneer Construction Company, et al., *v.* Lillian Beatrice Davis, et al.
(381 P. [2d] 22)

Decided April 15, 1963.     Rehearing denied May 13, 1963.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED B. DUDLEY, Mr. FRANCIS L. BURY, for plaintiffs in error Pioneer Construction Company and State Compensation Insurance Fund.

Mr. LAURENCE A. ARDELL, for defendant in error Lillian Beatrice Davis.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to the plaintiffs in error as "Pioneer" and "Fund" and to the defendants in error as "Claimant" and "Commission."

Pioneer and Fund bring error to a judgment of the district court affirming an award of the Commission in favor of the claimant who, as the widow of one M. Davis, sought death benefits under the compensation act. The facts are not in dispute, and the error assigned is that the Commission misapplied the statute dealing with "constructive employment." C.R.S. '53, 81-9-1. Thus the sole question involved is whether the undisputed facts bring the deceased within the protection of that section of the Workmen's Compensation Act. We conclude they do not and that the Commission misconceived the application of the particular statute.

The pertinent provisions of C.R.S. '53, 81-9-1, are as follows:

"Any person, company or corporation operating or engaged in or conducting any business by leasing, or

contracting out any part or all of the work thereof to any lessee, sublessee, contractor or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be and be an employer as defined in this chapter, and shall be liable as provided in this chapter to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors and subcontractors and their employees, and such employer as in this section defined, before commencing said work, shall insure and shall keep insured his liability as herein provided and such lessee, sublessee, contractor or subcontractor as well as any employee of such lessee, sublessee, contractor or subcontractor, shall be deemed employees as defined in this chapter. * * * "

The facts are that Pioneer is engaged in the business of highway construction. This business involves the structure, gravel crushing, preparation of materials, and the final overlay or paving of the highway, and includes the necessary hauling of these materials. Pioneer does not own any dump trucks for such hauling, and so uses trucks owned, operated and maintained by others. Pioneer's compensation liability is insured by the Fund.

During April and May of 1960, Pioneer as principal contractor, was performing a paving job described as "an overlay job" on part of the state highway system two miles south of Lamar, Colorado. In this construction it was using two dump trucks obtained from one Cecil Goodloe, the owner thereof, pursuant to an oral lease-operating agreement. In addition to providing the trucks, Goodloe also provided the drivers, and, although he could hire, fire and otherwise supervise his drivers in the operation of his trucks, Pioneer's job superintendent directed the drivers on the paving job in moving dirt, rock, aggregate and mix when Goodloe was not present. The wages of the truck drivers, including Davis, were paid by Pioneer directly by check to the respective drivers. In addition, Pioneer was obligated to pay Goodloe $4.50 per hour per truck, plus gasoline

consumed for the actual hours the trucks were moving or in operation.

On this part of the record, Davis, during the working hours in which construction was being done, was the employee of Pioneer, and there is no doubt that Pioneer, under the plain wording of the statute, was operating, engaged in and conducting its business of highway construction and hauling of materials through sub-contracting the hauling to Goodloe through the leasing of his trucks and drivers. Insofar as Pioneer was thus operating, it would properly be construed as the statutory employer of Goodloe's truck drivers.

But the additional facts in the record are that *Goodloe* was responsible for the repair and maintenance of his trucks and was required to furnish all parts and labor at his sole expense. In connection with this obligation, Goodloe made an arrangement with Davis to pay him $2.00 per hour for repairs to the Goodloe dump trucks and also to pay his expenses, if any, if he used his own pick-up truck in connection with such repairs. The repairs were to be made by Davis on *his own time,* that is, on Saturdays or Sundays, or at other times when he was not driving the truck for Pioneer. Thus, on Sunday, May 22, 1960, Davis used his pick-up truck to transport the parts and undertook the job of a major repair on one of the Goodloe trucks, and incurred the injuries which directly and proximately resulted in his death on June 6, 1960. The fatal accident occurred while he was changing a universal joint in the truck. At the time of the accident the truck was not being operated in hauling material for Pioneer, and it being on a Sunday, Davis was not performing any work as a driver. Notwithstanding this extra employment on his day off and for Goodloe, the Commission held that Pioneer was nevertheless the constructive employer of Davis.

With this holding we cannot agree. This case falls squarely within the rules established by numerous decisions of this court as follows: *American Radiator Co.,*

*et al., v. Franzen, et al.,* 81 Colo. 161, 254 Pac. 160; *Industrial Commission, et al., v. Aetna Life Insurance Company, et al.,* 88 Colo. 82, 292 Pac. 229; *Meyer, et al., v. Lakewood Country Club, et al.,* 122 Colo. 110, 220 P. (2d) 371; *Flake Motors, et al., v. Huskins, et al.,* 128 Colo. 414, 262 P. (2d) 736; *White v. Industrial Commission, et al.,* 140 Colo. 11, 342 P. (2d) 668.

■ It seems clear from the cases that in order to bring into application the statute here under consideration the test is: Was the work part of the regular business of the constructive employer? The cases hold that the statute covers all situations in which the subcontracted work is such part of his regular business operation as the statutory employer ordinarily would accomplish with his own employees. With this test in mind we held in the *Lakewood Country Club* case that the club did not become the constructive employer of one engaged in laying a sewer pipe on the club grounds because the business of the club was not that of constructing sewer lines. In the *Flake Motor Company* case we held that one engaged in the used car business does not become the statutory employer of one hanging a neon sign because the business of the motor company was not the sign business. In the recent White case we held that one engaged in mining operations does not become the statutory employer of one engaged in hauling operations, there being a distinct difference in mining and hauling away of the material mined.

■ One of the earliest cases construing the statute under consideration was the *Aetna Life Insurance Company* case involving facts almost identical with the situation here. In that case it was held quite clearly that the employee engaged in repairing the truck was the employee of the truck company and not of the person who had rented the truck. Applying the principle of these cases to the facts in this case, it is plain that the business of Pioneer was the construction of roads and the hauling of materials, and that this business was

accomplished through trucks which it rented on an hourly basis. As previously stated, during the time Davis was so engaged, he was, of course, the employee of Pioneer. What Davis did on his own time, on the weekend, was neither the concern nor the responsibility of Pioneer. Davis could have undertaken to work on a combine in the fields on Saturdays and Sundays. What he chose to do in this case was to repair Goodloe's trucks. Pioneer was not in the business of repairing trucks and was not carrying on or conducting any such business by a subcontract or leasing operation. Davis would no more become the employer in this repair job than would any mechanic in a garage become the constructive employee of those who bring their vehicles in for repair.

The mere fact that Pioneer rented the trucks rather than owned them did not create a different relationship with one repairing the truck over the weekend. The repair of the truck was Goodloe's responsibility and Goodloe was taking care of it through his own arrangements with Davis at a time outside of the hours in which the truck was being used in highway construction. This private arrangement between Goodloe and Davis and the consequences cannot be imposed upon Pioneer under this section, or any other provision of the Workmen's Compensation Act.

The judgment is reversed and the cause remanded with directions to set aside the award of the Industrial Commission and to remand it to the Commission with instructions to dismiss the claim.

Mr. Chief Justice Frantz and Mr. Justice Hall concur.