Mr. Justice McWilliams
delivered the opinion of the Court.
This is a workmen’s compensation case and primarily concerns what is commonly referred to as the “statutory” or “constructive” employer statute. See C.R.S. 1963, 81-9-1.
Joseph Feistel, a long-haul transport driver, was seriously injured in an automobile accident which occurred in Ohio. As an outgrowth of this accident, Feistel filed with the Industrial Commission a claim against the Gardner Motor Company, a Colorado corporation with offices in La Junta, for workmen’s compensation benefits. The Gardner Motor Company will hereinafter be referred to as Gardner. By way of prefatory comment, it should perhaps also be noted that Gardner’s insurer is the State Compensation Insurance Fund.
On hearing the referee found that Gardner was the employer of Feistel “as contemplated” by the aforementioned C.R.S. 1963, 81-9-1 and ordered that Feistel be awarded such benefits as are provided by the applicable statute. On review the Commission approved, affirmed and adopted the order and award of the referee. In like fashion, on judicial review of this matter, the trial court affirmed the award of the Commission, and by the present writ of error Gardner now seeks a reversal of that judgment.
As grounds for reversal, Gardner contends that the award of the Commission is erroneous because: (1) Gardner was not a statutory or constructive employer of Feistel within the meaning of C.R.S. 1963, 81-9-1; and (2) for the further and additional reason that the *137 Colorado Workmen’s Compensation Act has no applicability inasmuch as the accident admittedly occurred in Ohio and there was allegedly no contract of hire entered into in Colorado. For the reasons which are hereinafter set forth, we conclude that the several contentions of Gardner are untenable and that the judgment of the trial court approving the award of the Commission must be affirmed.
The ultimate issue as. to whether Gardner was the statutory or constructive employer of Feistel, within the terms of C.R.S. 1963, 81-9-1, turns in reality upon the more immediate issue as to whether Gardner, in its dealings with Feistel (which under the circumstances also encompasses Gardner’s dealings with one Dillon and McClure), was “contracting out any part” of its business. If it was, then it must follow that it is the statutory or constructive employer of Feistel “as contemplated” by C.R.S. 1963, 81-9-1. If, on the contrary, Gardner was not thereby “contracting out” a part of its business, then the statutory requirements have not been met.
Without going into any great detail, the particular transaction out of which this controversy arose concerns the sale by Gardner to the Santa Fe Railroad of 52 trucks to be delivered by Gardner to the railroad company in Amarillo, Texas. Gardner apparently did not have these trucks in stock, but in any event it proceeded to purchase them from the manufacturer in Detroit, Michigan. Hence, it was then faced with the problem of transporting these trucks from Michigan to Texas. Gardner entered into a working arrangement with one Dillon and one McClure to take over the delivery of the trucks at the rate of $100 per truck. When Feistel learned that Gardner needed to have some trucks driven from Michigan to Texas, he determined to attempt to obtain employment in connection with the project. He sought out Dillon, had conversations with both Dillon and McClure, as well as with the president of Gardner, *138 and it was agreed that Feistel would be one of the men who would drive the trucks from Michigan to Texas.
In our considered view, under these circumstances the determination that Gardner was a statutory or constructive employer of Feistel can not be disturbed by us. This is so for the reason that — as regards this particular transaction with which we are here concerned — there is evidence to establish that Gardner was indeed contracting out a part of its business.
We agree that, generally speaking, the “contract” transportation of goods is not deemed to be a part of the every-day business of the owner of the goods or chattels being thus transported. But in the instant case we are not really faced with a clear-cut, arms-length contract merely calling for the transport of certain trucks, owned by Gardner, from Detroit, Michigan to Amarillo, Texas. As is asserted by the Commission in its brief, one may well make a particular transaction a part of his business, even though it might not ordinarily be considered such, by virtue of his conduct with regard to it. And in the instant case this is what Gardner has done, by virtue of its rather intimate and extensive participation in this particular contract calling for the transport of some 52 trucks from Detroit, Michigan to Amarillo, Texas. It should be remembered that this is not an instance where the trucks were simply being transported from the manufacturing plant to Gardner’s place of business in La Junta to be displayed and thereafter sold. Rather, this is an instance where Gardner had sold the trucks and was delivering them to the doorstep of the purchaser. In thus discharging its contractual duty to the purchaser of these trucks, Gardner was quite clearly “contracting out” a part of its business. The cases relied upon by Gardner, such as Pioneer Construction Company v. Davis, 152 Colo. 121, 381 P.2d 22 and American Radiator Company v. Frazen, 81 Colo. 161, 254 Pac. 160, are, from a factual standpoint, very clearly distinguishable from the instant one.
*139 Gardner’s second contention is buttressed on the premise that there was no contract of hire made in Colorado; hence, it is said, C.R.S. 1963, 81-16-3, has no applicability. In our view the record does not support this premise, and on the contrary clearly shows that there was a contract of hire entered into by the parties within the state. Therefore, Denver Trucking Exchange v. Perryman, 134 Colo. 586, 307 P.2d 805, is considered inapplicable, and State Compensation Insurance Fund v. Howington, 133 Colo. 583, 298 P.2d 963, is deemed controlling. In other words, we hold that Feistel is covered by the extra-territorial provision of our Workmen’s Compensation Act. See C.R.S. 1963, 81-16-1 through 5.
Judgment affirmed.