500 P.2d 821 (1972)
SAN ISABEL ELECTRIC ASSOCIATION, Inc. and Division of State Compensation Insurance Fund, Petitioners-Appellants,
v.
Clifford F. BRAMER and Industrial Commission of Colorado, Respondents-Appellees.
No. 71-411.
Colorado Court of Appeals, Div. II.
June 27, 1972.
Rehearing Denied July 25, 1972.
Certiorari Granted September 11, 1972.
Preston, Altman & Parlapiano, Leo S. Altman, David C. Parlapiano, Pueblo, for petitioner-appellant San Isabel Electric Association, Inc.
Alious Rockett, Francis L. Bury, Robert S. Ferguson, Denver, for petitioner-appellant Division of State Compensation Insurance Fund.
Laurence A. Ardell, Pueblo, for respondent-appellee Clifford F. Bramer.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent-appellee Industrial Commission of Colorado.
Selected for Official Publication.
DWYER, Judge.
In proceedings under the Workmen's Compensation Act of Colorado, Clifford F. Bramer, claimant, was awarded compensation for injuries he sustained in the crash *822 of an airplane he was piloting. San Isabel Electric Association, Inc., (San Isabel) was held liable as an "employer" for payment of the compensation under C.R.S. 1963, 81-9-1, dealing with "constructive employment." This statute imposes the liability of an employer upon any person or corporation "contracting out" any part or all of the work of its business, and such "contractor out" is liable as provided in the Act to pay compensation for injuries to a subcontractor's employee engaged in the work "contracted out."
San Isabel is a retailer of electric power and as such maintains both transmission and distribution lines. San Isabel maintains these lines with their own employees. Preventive maintenance is carried out on a regularly scheduled timetable and includes visual inspection. Part of the visual inspection is made from an airplane. Prior to February 1, 1969, San Isabel owned its own airplane, and the inspection trips were flown by a company pilot accompanied by an observer. After February 1, 1969, San Isabel disposed of its plane and contracted with Pueblo Aircraft Service to provide a plane and pilot to patrol the transmission lines. The aircraft service company was owned and operated by a Mr. Warren. The claimant was employed as a pilot by the aircraft service company. Prior to September 27, 1969, the claimant had made four transmission line inspection flights, and on each flight he was accompanied by an employee of San Isabel who acted as observer. On September 27, 1969, the claimant and Warren took off on a similar inspection flight scheduled by Warren. The plane was caught in a downdraft and crashed approximately 20 feet from San Isabel's transmission lines. Warren was killed, but the claimant survived.
Pueblo Aircraft Service was not insured under the Act, and claimant filed a claim for compensation against San Isabel. Claimant's claim for compensation was heard by a referee of the Division of Labor. In his order, which was later approved and adopted by the Industrial Commission, the referee found that San Isabel was a statutory employer of claimant by force of C.R.S.1963, 81-9-1, and that claimant was injured in an accident arising out of and in the scope of his employment as a statutory employee of San Isabel. Petitioner San Isabel and its insurance carrier seek to have the award of compensation vacated. We affirm the order.
The two issues presented for review are: (1) whether San Isabel was a statutory or constructive employer of claimant under the provisions of C.R.S.1963, 81-9-1; and, (2) whether claimant was in the course of his employment when he sustained his accidental injuries on September 27, 1969.

I
San Isabel was in the business of selling and distributing electric power to its customers. The inspection of its transmission lines was an essential part of this business. When San Isabel ceased performing this inspection with its own airplane and contracted with Pueblo Aircraft Service to conduct part of this inspection function, it became an employer of claimant within the meaning of the statute.
The statute involved, C.R.S.1963, 81-9-1, has been considered by the Supreme Court in several cases. In Pioneer Construction Co. v. Davis, 152 Colo. 121, 381 P.2d 22, the court analyzed a number of these cases and announced the following rule:
"It seems clear from the cases that in order to bring into application the statute here under consideration the test is: Was the work part of the regular business of the constructive employer? The cases hold that the statute covers all situations in which the subcontracted work is such part of his regular business operation as the statutory employer ordinarily would accomplish with his own employees."
The Commission properly found that San Isabel was an employer within the meaning *823 of the statute as interpreted in Pioneer Construction Co. v. Davis, supra.
San Isabel argues that it is not an employer because it is not engaged in the business of flying aircraft. This argument is rejected. Although flying airplanes may not be part of San Isabel's business of distributing electric power, the inspection of transmission lines is a part of its business. When all or part of the inspection work is contracted out by the power company, the employees of the subcontractor are deemed by operation of the statute to be employees of the power company.

II
Claimant's contract duties consisted of flying an airplane over a specified route so that San Isabel's transmission lines could be inspected. He was performing this function when the airplane crashed and he was injured. The Commission properly found that the accident arose out of and in the course of claimant's employment. San Isabel contends that claimant was not in the course of his employment because the flight on September 27, 1969, which was ordered by Warren, was not in compliance with certain provisions of the contract between Warren and San Isabel. The contract provides in part:
"Whereas, the Association [San Isabel] has extensive transmission lines which need to be inspected periodically, and
"Whereas, the Company [Pueblo Aircraft Service] is desirous of doing such inspections as the Association may require by airplane trips,
"Now, therefore, for and in consideration of the premises and the mutual promises of the parties, it is agreed by and between the parties as follows:
"1. The Association agrees to furnish an observer who shall fly with the Company and check the condition of the transmission lines of the Association.
"2. The Company will patrol the Association's transmission lines monthly as directed by the Association.
"3. The Company will schedule the time of each inspection with the Association's observer so that the main transmission line will be flown at least once a month and also the lines as designated on the air patrol schedule attached.
. . . . . .
"5. No inspection shall be made except with an observer present in the airplane."
In finding that the claimant was injured in the course of his employment, the Commission stated:
"The Association witnesses testified that the observer must be able to observe and detect broken or cracked insulators, broken and/or loose tie lines and tower defects such as loose or missing bolts by visual inspection. It is interesting to note that the Association has now contracted with another flying service to fly the monthly line inspections and that the designated observer is the young son of the pilot.
"In any event, the record is silent as to any actual prohibition by the Association to said flight. The Pueblo Air Services [sic] had a contract to fulfill and the Referee finds that the flight made by the claimant on September 27, 1969 was taken in good faith to advance the Association's interests and the injuries sustained by the claimant arose out of and within the scope of his employment as a statutory employee of the Association."
Petitioners contend that, since the contract did not authorize Warren to act as an observer and since the flight ordered by Warren was unauthorized, the Commission's findings are erroneous as a matter of law. We reject this argument. Claimant was flying the airplane over San Isabel's power lines, and his employer, Warren, was in the plane with him. Claimant was injured in an inspection flight which was part of San Isabel's business that was being contracted out. Warren's failure to *824 comply with the provisions of his contract concerning the manner in which Warren would conduct the inspection operation cannot defeat claimant's right to compensation. The Commission properly found that the claimant was in the course of his employment.
San Isabel argues that the Commission's findings are based on claimant's testimony concerning his conversations with Warren about the flight. This testimony was hearsay, but its admission was harmless because the essential and operative facts which we have recited and upon which the Commission's award rests are established by competent evidence in the record.
Order affirmed.
ENOCH and PIERCE, JJ., concur.