**MELODY HOMES, INC., and State Compensation Insurance Fund, Petitioners,**

v.

**Richard Lawrence LAY, Henderson Security Police, and Industrial Commission of Colorado, Respondents.**

**No. 79CA0193.**

Colorado Court of Appeals, Division II.

Feb. 7, 1980.

Rehearing Denied March 6, 1980.

Certiorari Denied May 5, 1980.

Robert S. Ferguson, William J. Baum, James A. May, Denver, for petitioners.

Ginsberg & Ginsberg, Sheldon Ginsberg, Denver, for respondent Richard Lawrence Lay.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

STERNBERG, Judge.

The sole issue in this review is whether an employee of a security service, who is injured while patrolling a construction site which the security service has been hired to guard, is a statutory employee of the general contractor. We agree with the Industrial Commission that the guard is a statutory employee of the general contractor-builder.

There is no dispute as to the facts: Melody Homes, Inc., hired the entity known as Henderson Security Police to guard Melody's construction site. Lay, an employee of Henderson, was injured while performing guard duty at the site. Henderson does not carry workmen's compensation coverage, and therefore, Lay claimed benefits as a constructive or statutory employee of Melody Homes. Melody and its insurer seek review of an order of the Industrial Commission approving Lay's claim.

The controlling statute is § 8–48–101(1), C.R.S.1973 (1978 Cum.Supp.):

"Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer . . . and shall be liable . . . to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents."

■ In order for Lay to be a statutory employee of Melody Homes it need only be shown that: The security work which Melody hired Henderson to do was a part of Melody's regular business; Lay was injured while performing such security work; and

Henderson did not, itself, carry workmen's compensation insurance. *See San Isabel Electric Ass'n, Inc. v. Bramer*, 182 Colo. 15, 510 P.2d 438 (1973). The issue of whether the work contracted out is a part of the regular business of the employer is not affected by the fact that, as here, the subcontractor is an independent entity who has a business of his own. *San Isabel, supra.* Rather, the question is to be determined by examining the nature and needs of the employer's business. *See Pioneer Construction Co. v. Davis*, 152 Colo. 121, 381 P.2d 22 (1963); 1B *A. Larson, Workmen's Compensation Law* § 49.12 (1979 ed.).

■ Melody Homes, relying on *San Isabel, supra*, and *Pioneer v. Davis, supra*, asserts that in addition to requiring proof that the work performed by the subcontractor was a part of the regular business of the constructive employer, it must be shown that "the statutory employer ordinarily would accomplish [the work] with his own employees." *Pioneer v. Davis, supra.* And, because there was no proof that builders in the Denver Metropolitan area ever employ their own security guards directly, Melody Homes would have us hold that Lay cannot be its statutory employee. We decline to adopt so attenuated a test. The issue of whether an employer would ordinarily accomplish the work with his own employees is simply a corollary to the inquiry "is the work performed part of the employer's regular business," and is not to be determined solely by proof of the employment practices of similar businesses.

The Commission made this finding:

"In the instant case, security of the construction sites, the partially constructed buildings, tools, equipment, and other material aspects of the construction project is a function that is an integral part of the operation of a construction site. Many thousands of dollars of equipment and materials are located on the site. The securing of these assets is a necessary part of the building process. Security is not incidental to the main objective of erecting residential structures. Secur-

ity is obviously a function that a company engaged in the construction business would normally have to make some provision for. Although the testimony indicated that Melody normally chose not to carry out this function through its own employees, it is a part of the normal business of the respondent."

We are in substantial agreement with this statement, insofar as it applies to security services. It may be true, as Melody Homes urges, that no builders similar to Melody operating in the Denver area use their own employees to provide security services; nevertheless, if independent security services such as Henderson did not exist, then the only responsible thing for builders such as Melody to do would be to hire and train employees to guard their job sites. Thus, we cannot accept Melody's argument that for it to be a statutory employer there must be evidence that other builders in the Denver area use their employees as guards. It is enough that the record show, or support an inference, that, but for hiring of the independent contractor, the service would of necessity be provided by the employer's own employees. *See Pioneer v. Davis, supra. See Larson, supra,* § 49.12, wherein it is commented at p. 9–26:

"Not surprisingly, in another category of auxiliary services, it has been held that the function of a watchman falls within a company's usual business, even if he is supplied by an agency like Pinkerton's."

Our holding comports with the public policy upon which the Workmen's Compensation Act is founded. *Edwards v. Price,* 191 Colo. 46, 550 P.2d 856 (1976). Moreover, general contractors can avoid such liability by requiring their subcontractors to have workmen's compensation coverage.

The order is affirmed.

ENOCH, C. J., and RULAND, J., concur.