388 So.2d 117 (1980)
Thaddeus Eugene MOSES
v.
VULCAN MATERIALS COMPANY et al.
No. 13422.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
As Amended July 28, 1980.
Writ Refused October 20, 1980.
Walter C. Dumas, Baton Rouge, for plaintiff-appellant Thaddeus Eugene Moses.
Vincent Fornias, Baton Rouge, for defendant-appellee Transportation Insurance Company.
Stephen Vogt and Emile C. Rolfs, III, Baton Rouge, for defendant-appellee Vulcan Materials Company.
Before EDWARDS, LEAR and WATKINS, JJ.
LEAR, Judge.
We are confronted with the question of whether plaintiff-appellant, Thaddeus Eugene Moses, is the statutory employee of defendant-appellee, Vulcan Materials Company, and thereby precluded from bringing a tort action based upon an industrial accident.
The pleadings, affidavit and deposition before us reveal no dispute as to any material fact. The trial court granted summary judgment in favor of the defendant-appellee. We affirm.
Appellant was an employee of ICI Janitorial Service which entered into a contract with defendant to perform janitorial services on a daily basis except Sundays and holidays. Vulcan expressly reserved the right to remove any ICI employees from work, whom Vulcan considered incompetent, insubordinate, or otherwise objectionable. Further, Vulcan required that ICI maintain workmen's compensation and other insurance on its employees. Vulcan picks up the cost of this insurance.
Vulcan Materials Company manufactures and transports chlorinated solvents at its plant at Geismar, Louisiana. On May 10, 1978, appellant, Moses, while working within the scope of his employment at the Geismar plant, suffered bodily injury when an equalizing line used to transport chlorine gas burst, causing an explosion.
Appellant filed an action in tort naming as defendants Vulcan and certain unknown entities who manufactured, designed and constructed the equalizing line. Also sued were certain unknown insurance companies.
The parties deposed George A. Vlacos, the plant manager for Vulcan's Geismar operation. That testimony was to the effect *118 that Vulcan contracts for vital services for the operation of its facilities, including the Geismar plant. Such services include not only janitorial services, but also plant mechanical maintenance, electrical maintenance, painting maintenance, installation maintenance, secretarial help and instrument repair services. Vulcan supplements work being done by its direct employees with contracted services and direct employees perform minor janitorial services also.
The affidavit of Kay Babin established the contractual relationship of the parties as set out hereinabove. Both the affidavit and deposition were uncontroverted. The trial judge granted Vulcan's motion for summary judgment and dismissed as to that defendant.
R.S. 23:1061 provides:
"Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
As correctly noted by the trial court below, at least two tests have been articulated by our courts when seeking to apply R.S. 23:1061: (1) Whether the work which the employee is performing is part of the trade, business or occupation of the principal and is a necessary or an essential part of the principal's business, and/or (2) whether the work was the type customarily done by the principal or other employers similarly situated. These tests are distilled from Reeves v. Louisiana and Arkansas Ry., 282 So.2d 503 (La.1973) and Lushute v. Diesi, 354 So.2d 179 (La.1978).
This court has applied the Reeves test in Brown v. Kaiser Aluminum and Chemical Corporation, 289 So.2d 524 (La.App.1973), writ denied 293 So.2d 171 (La.1974), and more recently we have applied the Lushute test in Boudreaux v. Boudreaux, 369 So.2d 1117 (La.App.1979), writ denied 371 So.2d 615 (La.1979).
We believe the trial court was correct in concluding that the maintenance work which appellant was performing was part of the "trade, business or occupation" of the defendant, Vulcan, and that Vulcan was thereby immune from tort liability to appellant. See also Barnes v. Sun Oil Company, 362 So.2d 761 (La.1978) and Leger v. Amerada Hess Corp., 479 F.2d 1250 (CCA 5, 1973).
For the above and foregoing reasons, the judgment of the lower court is affirmed. Plaintiff-appellant is to bear the costs of this appeal.
AFFIRMED.