Roberta G. CAMPBELL,
Plaintiff-Appellant,

v.

BLACK MOUNTAIN SPRUCE, INC.,
Defendant-Appellee,

and

Joseph Stark, a/k/a Joe Stark, d/b/a
Stark Welding Service, Inc.,
Defendants.

No. 82CA1298.

Colorado Court of Appeals,
Div. I.

Aug. 18, 1983.
Rehearing Denied Sept. 8, 1983.
Certiorari Denied March 5, 1984.

Law Offices of John G. Salmon, P.C., William P. Godsman, Denver, for plaintiff-appellant.

Greengard, Blackman & Senter, William L. Senter, Peter T. Moore, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff, Roberta G. Campbell, appeals a summary judgment in favor of defendant, Black Mountain Spruce, Inc., in a wrongful death action initiated after her 17-year-old son died from injuries suffered when he fell into a chip bin and auger during the course of his employment for Craig Lumber Company. We affirm.

The facts as established by the complaint, affidavits, and depositions are undisputed. From its incorporation until the time of the accident, Craig Lumber operated a planing mill which planed, dried, and chipped lumber pursuant to a contract with Black Mountain Spruce, the operator of an adjacent saw mill. Black Mountain Spruce owned the raw lumber which entered the planing mill and all its products, including the chips. A single Black Mountain Spruce employee served as the supervisor for the saw mill, the planing mill, and the chip bin and auger. The auger and chip bin, which collect the by-products of the planing mill, were owned by Black Mountain Spruce, but located on property leased by Craig Lumber and operated by Craig Lumber employees. A Black Mountain Spruce employee performed services identical to those of decedent at some time prior to his employment, and a Black Mountain Spruce employee assumed his duties after the accident.

Plaintiff, the decedent's partially dependent mother, received an award of workmen's compensation benefits from Craig Lumber, decedent's direct employer. She subsequently instituted this wrongful death action against Black Mountain Spruce for negligent design and manufacture of the chip bin and auger.

Black Mountain Spruce moved for summary judgment, claiming that, because it was decedent's statutory employer, plaintiff's exclusive remedy lay in the Workmen's Compensation Act (the Act). Relying on the facts as set forth above, the court agreed and granted the motion.

On appeal, plaintiff contends that the facts do not support the court's conclusion that Black Mountain Spruce was decedent's statutory employer. We do not agree.

Section 8–42–102, C.R.S.1973 (1982 Cum. Supp.) provides that an employer who has complied with the requirements of the Act shall not be subject to any other liability for the death of or personal injury to any employee, and that all statutory and common law rights and remedies for death or personal injury to such employee and accruing to any person are abolished as against any complying employer. Section 8–48–101, C.R.S.1973 (1982 Cum.Supp.) provides that any company engaged in conducting any business by contracting out any part or all of the work thereof to any contractor shall be deemed to be an employer ("statutory employer"), and further provides that if the contractor (here Craig Lumber) is itself an employer who insures in compliance with the Act, then the employees of the contractor shall have no right of action against the party contracting out such business (here Black Mountain Spruce).

A company is not automatically a statutory employer under § 8–48–101(1), C.R.S.1973 (1982 Cum.Supp.) because it engages in contracted work, unless the work contracted out at the time of the injury is: (1) a part of the normal business of the company contracting out such business and (2) business which the company would ordinarily accomplish with its own employees. *Pioneer Construction Co. v. Davis*, 152 Colo. 121, 381 P.2d 22 (1963). Relevant factors in determining whether the relationship of statutory employment exists are the circumstances surrounding the particular work being performed, including past practices of the company contracting out, and the degree of control retained by such company over the contractor's conduct under the contract. *San Isabel Electric Association, Inc. v. Bramer*, 182 Colo. 15, 510 P.2d 438 (1973).

However, contrary to plaintiff's contention, there is no absolute requirement that the tasks ordinarily be performed by the statutory employer's own employees. Instead, the court must examine the nature of the business as a whole and determine whether, absent the contractor's services, the service would of necessity be provided by the employer's own employees. *Melody Homes, Inc. v. Lay*, 44 Colo.App. 49, 610 P.2d 1081 (1980). Here, Black Mountain Spruce conducted its business of producing finished lumber for sale by contracting to Craig Lumber an integral portion thereof, and it is, therefore, decedent's statutory employer.

Relying on *Wright v. District Court*, 661 P.2d 1167 (Colo.1983), plaintiff argues that even if Black Mountain Spruce is immune as decedent's statutory employer, it can be sued for negligence in its capacity as the designer and manufacturer of the machine in which decedent was killed based on the "dual capacity" doctrine. This doctrine provides that an employer or co-employee otherwise immune from common law liability because of the exclusivity of the workmen's compensation act can be sued if he possesses a second identity which generates legal obligations completely unrelated to his status as employer or co-employee. *See* 2A A. Larson, *Workmen's Compensation Law* § 72.81 (1982 ed.).

This doctrine does not apply to the situation here in which the suit was brought for negligent design and manufacture of a machine used in carrying out the statutory employer's business. Where, as here, a machine is designed and constructed by the employer as part of operating his business, the obligations generated therefrom are legally related to Black Mountain Spruce's status as an employer and not as creator of a machine. *Goetz v. Avildsen Tool & Machines, Inc.*, 82 Ill.App.3d 1054, 38 Ill.Dec. 324, 403 N.E.2d 555 (1980).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.