**William WAGNER, Plaintiff-Appellant,**

**v.**

**COORS ENERGY COMPANY,**
**Defendant-Appellee.**

**No. 83CA1234.**

Colorado Court of Appeals,
Div. I.

July 19, 1984.

Harshman, Deister, Larson & McBee, Douglas E. Larson, Grand Junction, for plaintiff-appellant.

Younge & Hockensmith, F.M. Hockensmith, Grand Junction, for defendant-appellee.

PIERCE, Judge.

In an action for personal injuries, plaintiff, William Wagner, appeals the entry of summary judgment in favor of defendant, Coors Energy Company (Coors). We affirm.

On December 3, 1980, Wagner was injured while performing well service work for his employer, N.L. Well Service (N.L.), pursuant to contract with Coors. Wagner filed a workmen's compensation claim against N.L. and received benefits. Wagner also filed suit against Coors, alleging that his injuries were caused by the negligence of a Coors supervisor.

Coors filed a motion for summary judgment, supported by affidavit, asserting that it was the "constructive employer" of Wagner under § 8–48–101, C.R.S. (1983 Cum.Supp.), and the "statutory owner" under § 8–48–102, C.R.S. (1983 Cum.Supp.) of the property on which Wagner was injured and, therefore, that it was immune from suit under both statutory sections. Wagner did not file a counter-affidavit. The trial court agreed with Coors' arguments, and entered summary judgment.

## I.

Wagner contends the trial court improperly interpreted the relevant statutes and overlooked factual issues in entering judgment. Specifically, Wagner asserts that the trial court erred both in finding Coors to be the constructive employer of Wagner and the statutory owner of the property on which he was injured because Coors failed to demonstrate that the work N.L. performed was such that Coors would otherwise accomplish with its own employees, and that Coors owned both the real property and the improvements on which Wagner was injured. We agree that Coors has failed to demonstrate sufficient facts to be accorded the status of constructive employer, but disagree with Wagner's interpretation of § 8–48–102.

## A. Constructive Employer

In relevant part, § 8–48–101 states that a corporation conducting any business by contracting out "any part or all of the work thereof" to a contractor shall not be liable to employees of the contractor injured in the performance of such work if the contractor was properly insured. No issue is raised here as to whether the contractor was properly insured.

In *Melody Homes, Inc. v. Lay*, 44 Colo. App. 49, 610 P.2d 1081 (1980), and *Campbell v. Black Mountain Spruce, Inc.*, 677 P.2d 379 (Colo.App.1983), we established a two-part test to determine when this statutory immunity becomes applicable: (1) The work contracted out must be a part of the normal business operations of the contracting company; and (2) the work performed must be such that, absent the contractor's services, the work "would of necessity be provided by the employers' employees." *See also Pioneer Construction Co. v. Davis*, 152 Colo. 121, 381 P.2d 22 (1963).

■ Here, the Coors affidavit establishes that the work performed by N.L. was part of normal business operations at Coors but does not state that such work would be performed by Coors' employees absent N.L.'s services. Moreover, we do not find anything in the record to support such a conclusion. Accordingly, Coors has failed to demonstrate immunity as a matter of law under § 8–48–101. *Melody Homes, Inc. v. Lay, supra.*

## B. Statutory Property Owner

Section 8–48–102(1), C.R.S. (1983 Cum. Supp.) provides that if a corporation "owning any real property *or* improvements thereon" contracts out work to be performed on such property, then such corporation is deemed to be an employer, and § 8–48–102(2), C.R.S. (1983 Cum.Supp.) provides that the injured employees of such contractor if the contractor is properly insured shall not have "any right" of action against the corporation "owning any real property *and* improvements thereon." (emphasis added) Obviously, the wording

of these subsections is in conflict. Wagner contends the latter provision governs; Coors the former. We agree with Coors.

 This court must construe conflicting statutory provisions in a manner which gives effect to the underlying legislative intent. *Industrial Commission v. Funk,* 68 Colo. 467, 191 P. 125 (1920). The pertinent phrase of § 8–48–102, C.R.S. (1983 Cum.Supp.), enacted in 1919, places the ultimate responsibility for maintaining workmen's compensation insurance upon the owner of "real property or improvements" who contracts out work to be performed thereon. In *Great Western Sugar Co. v. Erbes,* 148 Colo. 566, 367 P.2d 329 (1961), decided before the addition of subsection (2), our Supreme Court held that subsection (1) did not bar the employee of a contractor from recovering common law damages from the owner of property on which the work was performed, even where the contractor carried workmen's compensation insurance. Responding to *Erbes,* the General Assembly enacted § 8–48–102(2) in 1963, protecting property owners if the contractor carries the appropriate insurance. *See City of Colorado Springs v. Ellsworth,* 187 Colo. 193, 529 P.2d 646 (1974); *Alexander v. Morrison-Knudsen Co.,* 166 Colo. 118, 444 P.2d 397 (1968).

 It appears, therefore, that the purpose of the 1963 amendment was not to create a distinction between owners of real property and owners of improvements, but to prevent suits against owners of either kind of property if the contractor carries the appropriate insurance. *See Varela v. Colorado Milling & Elevator Co.,* 31 Colo. App. 49, 499 P.2d 1206 (1972). That legislative intent is best implemented by interpreting the descriptive phrase in subsection (2) so as to harmonize with the correlative phrase in subsection (1). Accordingly, we hold that an owner of real property *or* an owner of improvements on real property which contracts out work to be performed thereon is immune from suit by the injured employees of the contractor, so long as the contractor is properly insured under the Workmen's Compensation Act. We agree

with Coors that to interpret subsection (2) otherwise would frustrate the legislative intent of § 8–48–102, C.R.S., and serve no useful purpose.

 Contrary to Wagner's assertions, the Coors affidavit establishes that Coors is the owner of the improvements on which the work was performed. The affidavit refers to "the well owned by Coors." A well is an improvement on real property. *See, e.g., Appeal of Phillips,* 130 Pa. 572, 18 A. 998 (1890); *Jenkins v. Pure Oil Co.,* 53 S.W.2d 497 (Tex.Civ.App.1932). Accordingly, Coors has brought itself within the class of persons contemplated by § 8–48–102.

By virtue of our ruling on the above issue, we need not address Wagner's related argument that leasing an interest in an oil and gas estate does not constitute owning real property.

Judgment affirmed.

STERNBERG and BABCOCK, JJ., concur.