## No. 24492.

RONALD GENE HERRIOTT *v.* ROBERT L. STEVENSON, A/K/A ROY L. STEVENSON, D/B/A CONCO CONSTRUCTION, DENVER COMMERCIAL BUILDERS, STATE COMPENSATION INSURANCE FUND, AND INDUSTRIAL COMMISSION OF COLORADO.

(473 P.2d 720)

Decided August 17, 1970.

BRENMAN, CIANCIO, ROSSMAN, BAUM & SOBOL, ARTHUR L. FINE, for plaintiff in error.

HARRY H. HADDOCK, for defendant in error Robert L. Stevenson, a/k/a Roy L. Stevenson, d/b/a Conco Construction.

ALIOUS ROCKETT, FRANCIS L. BURY, FEAY BURTON SMITH, JR., for defendants in error Denver Commercial Builders and State Compensation Insurance Fund.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

THIS case involves an interpretation of the fifty per cent penalty provision of C.R.S. 1963, 81-5-7 of the Workmen's Compensation Act of Colorado. Herriott, hereinafter referred to as the claimant, was injured while engaged in his work for Stevenson, hereinafter referred

to as the subcontractor or by name. Stevenson did not carry workmen's compensation insurance though required to do so by the Colorado act. However, Stevenson was working at the time of the plaintiff's injury as a subcontractor for Denver Commercial Builders, hereinafter referred to as the contractor, which did carry workmen's compensation insurance.

The referee for the Industrial Commission ruled that the primary contractor, that is, Denver Commercial Builders, was a statutory employer of the claimant under C.R.S. 1963, 81-9-1, and was, therefore, liable for the payment of workmen's compensation benefits due the claimant. C.R.S. 1963, 81-9-1 provides that one who contracts out his work or any part of it to a subcontractor, among others, is himself an employer of the subcontractor and the subcontractor's employees.

The issue here focuses around C.R.S. 1963, 81-5-7, which provides, in pari materia, as follows:

"In case where the employer is subject to the provisions of this chapter by election or by nonrejection, and at the time of an injury has not complied with the insurance provisions of this chapter, or has allowed his insurance to terminate, or has not effected a renewal thereof, the employee, if injured, or, if killed, his dependents, if such employee has not rejected this chapter as herein provided, may claim the compensation and benefits provided in this chapter, and in any such case the amounts of compensation or benefits provided in this chapter shall be increased fifty per cent."

Claimant contends, as he did before the Industrial Commission, that because the subcontractor did not carry workmen's compensation insurance he is entitled to have the fifty per cent penalty provided for in the statute just quoted applied to the award made by the Industrial Commission. The Industrial Commission refused to award the fifty per cent penalty and this order was upheld by the district court. We affirm.

There is no question that Stevenson fits within the

statutory definition of an employer found in C.R.S. 1963, 81-2-6. Likewise, the decision of the referee finding the primary contractor to be a statutory employer under 81-9-1 is not contested.

■ The effect of C.R.S. 1963, 81-9-1 is not ". . . simply to add the general contractor as an additional employer . . ." as argued by the plaintiff. While it is true that the definition of an employer found in 81-9-1 adds a contractor-out to the definition of an employer in 81-2-6, *Flick v. Industrial Commission*, 78 Colo. 117, 239 P. 1022, the language of the statute is clear to the effect that no action under the act may be brought against a contractor-out by an injured employee of a subcontractor unless the subcontractor is either not an employer as defined by the act or has not insured his liability for compensation as required by the act. Thus a contractor-out is liable for compensation only when there is no other, intermediate employer whose liability for workmen's compensation is insured, and its liability is not merely cumulative to that of the subcontractor.

■ Just as when the subcontractor is insured under the act, the contractor-out is not liable for compensation, so we have held that when the contractor-out is insured under the act, then the uninsured subcontractor is not liable for compensation. Under the latter circumstances the subcontractor who has failed to keep his liability insured is an employee and the contractor-out is the only employer contemplated under the act. *Hartford Accident & Indemnity Co. v. Clifton*, 117 Colo. 547, 190 P.2d 909. The amendment of 81-9-1 by the legislature in 1963 in no way modifies our decision in *Clifton*.

■ Under the rule set forth in *Clifton* it is clear that under the circumstances of this case no action by the employee against his subcontractor existed under the act, and that the subcontractor could not be classified as *the employer* under C.R.S. 1963, 81-5-7. Because the subcontractor was uninsured, and the primary contractor was insured, the contractor was the only employer con-

templated by the statute. Since it was insured, the fifty per cent penalty does not apply.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS, MR. JUSTICE KELLEY and MR. JUSTICE LEE concur.