**W. R. CANDA, d/b/a W. R. Canda Timber Products, Employer, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of The State of Colorado, (Ex-officio Unemployment Compensation Commission of Colorado), and Michael Kunz, Employee, Respondents.**

**No. 79CA0590.**

Colorado Court of Appeals, Division I.

Feb. 14, 1980.

Maurice R. Franks, Pueblo, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Ann Sayvetz, Asst. Atty. Gen., Denver, for respondents.

COYTE, Judge.

W. R. Canda, d/b/a W.R. Canda Timber Products, seeks review of an Industrial Commission order finding him liable for workmen's compensation benefits to the claimant, Michael Kunz. We affirm.

The record reflects that claimant was self-employed as a sheet metal and heating repairman. Although he had not completed his incorporation, he used the name "M. Kunz and Sons, Inc." He orally agreed with Canda to do sheet metal work for Canda's sawmill. He was not on Canda's payroll but would bill Canda for labor and materials. The work included installation of a duct on a sawmill blower belonging to Canda and located on Canda's premises. Claimant was injured while assisting Canda's employee in mounting Canda's motor on the blower so that claimant's duct work could be tested.

The referee found that at the time of his injury claimant was on Canda's premises and "performing work necessary to [Canda's] usual business." He concluded that claimant was a "constructive" employee of Canda. He found also that claimant was not required by statute, *See* § 8–41–105(1)(b), C.R.S.1973 (1978 Cum.Supp.), to carry workmen's compensation insurance for himself. Claimant was awarded disability benefits and that award was affirmed and adopted by the Industrial Commission.

Canda has contended throughout these proceedings that based on claimant's alleged misrepresentation of his corporate status he is estopped from claiming workmen's compensation benefits. We agree with the Industrial Commission that this issue is "not germane."

■ Canda's liability as a statutory employer was premised on § 8–48–101(1), C.R.S.1973 (1978 Cum.Supp.) and he has not specifically challenged the finding of constructive employment. *See San Isabel Electric Ass'n, Inc. v. Bramer*, 182 Colo. 15, 510 P.2d 438 (1973); *Kalmon v. Industrial Commission*, 41 Colo.App. 259, 583 P.2d 946 (1978). The statute requires the statutory employer to obtain workmen's compensation coverage before commencing work that is contracted out. While it is true that the "contractor out" is liable only if the person or entity with whom he has contracted is not an employer as defined by the Act or has not insured his liability for compensation as required by the Act, *Herriott v. Stevenson*, 172 Colo. 379, 473 P.2d 720 (1970), this does not affect his duty to obtain coverage. *See O'Quinn v. Walt Disney Productions, Inc.*, 177 Colo. 190, 493 P.2d 344 (1972).

■ The effect of this statute, as applicable to the instant case, was to require Canda to obtain workmen's compensation coverage before claimant began work under the parties' verbal agreement. If claimant had been an "employer" within the meaning of the statute, Canda could have required him to obtain coverage, *see Lancaster v. C. F. & I. Steel Corp.*, 190 Colo. 463, 548 P.2d 914 (1976), and could thereby have avoided liability. Section 8–48–101(2), C.R.S.1973 (1978 Cum.Supp.). However, he could not merely rely on claimant's alleged corporate status, and his purported defense of equitable estoppel, even assuming that it would have been established by the evidence, was therefore irrelevant. *See Industrial Commission v. Carpenter*, 102 Colo. 22, 76 P.2d 418 (1938). *Cf. Industrial Commission v. Hammond*, 77 Colo. 414, 236 P. 1006 (1925).

■ Citing *Alexander v. Morrison-Knudsen Co.*, 166 Colo. 118, 444 P.2d 397 (1968), Canda also contends that the award cannot be sustained because the claim did not allege that he had "contracted out" the work. However, *Alexander* was not a workmen's compensation case and is inapposite. The instant claim for compensation was filed on the form provided by the Division of Labor, and the claimant answered the pertinent

questions thereon. Moreover, Canda was named as the employer. Hence, the claim complied with the statutory requirements and was sufficient. *See* § 8–52–105(1), C.R. S.1973, and *Zimmerman v. Industrial Commission*, 109 Colo. 533, 127 P.2d 878 (1942).

Order affirmed.

SMITH and KELLY, JJ., concur.