Buddy L. BUZARD and Jacquelyne R. Buzard, Plaintiffs-Appellants,

v.

SUPER WALLS, INC., a Colorado corporation, Defendant-Appellee.

No. 83SA46.

Supreme Court of Colorado, En Banc.

May 7, 1984.

Roger T. Castle, Denver, for plaintiffs-appellants.

Wood, Ris & Hames, P.C., Christopher M. Brandt, Denver, for defendant-appellee.

LOHR, Justice.

The plaintiffs, Buddy L. Buzard and his wife, Jacquelyne R. Buzard, appeal from summary judgment entered against them by the Denver District Court in their negligence action against Super Walls, Inc.[1] We agree with the trial court that the Workmen's Compensation Act of Colorado, Articles 40 to 54 of Title 8, C.R.S.1973 (workers' compensation act), provides the exclusive remedy for the claimed injuries.

Therefore, we affirm the judgment of dismissal.

The material facts as alleged are undisputed. In their complaint, the Buzards allege that Buddy Buzard, a construction worker employed as an independent contractor, was severely injured as the result of a fall from the roof of a racquetball court building on which he was working when the roof collapsed. They allege that Super Walls and its employees negligently installed roof trusses, causing the failure of the roof. Super Walls was a general contractor for the construction project. It subcontracted part of the work to Hawkins Construction Co., which in turn subcontracted part to Buzard. Buddy Buzard seeks recovery for medical expenses, pain and suffering, lost income and permanent disability. Jacquelyne Buzard seeks recovery for loss of consortium and other injuries. Summary judgment was entered against the Buzards when the trial court ruled that Buddy Buzard's injury was exclusively compensable through payment of insurance benefits under the workers' compensation act. Buzard, Hawkins Construction and Super Walls all carried workers' compensation insurance, and Buddy Buzard has received workers' compensation benefits for his claimed injuries.

Super Walls claims tort immunity under section 8–48–101, C.R.S.1973 (1983 Supp.):

(1) Any person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any lessee, sublessee, contractor, or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 54 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said lessees, sublessees, contractors, and subcontractors and their employees or employees' dependents. The employer, before com-

---

1. The case was referred to this court by the Colorado Court of Appeals because the constitutionality of a statute is in question. Section 13–4–102(1)(b), C.R.S.1973, and section 13–4–110(1)(a), C.R.S.1973.

mencing said work, shall insure and keep insured his liability as provided in said articles, and such lessee, sublessee, contractor, or subcontractor, as well as any employee thereof, shall be deemed employees as defined in said articles. The employer shall be entitled to recover the cost of such insurance from said lessee, sublessee, contractor, or subcontractor and may withhold and deduct the same from the contract price or any royalties or other money due, owing, or to become due said lessee, sublessee, contractor, or subcontractor.

(2) If said lessee, sublessee, contractor, or subcontractor is himself an employer in the doing of such work and, before commencing such work, insures and keeps insured his liability for compensation as provided in articles 40 to 54 of this title, neither said lessee, sublessee, contractor, or subcontractor, its employees, or its insurer shall have any right of contribution or action of any kind, including actions under section 8–52–108, against the person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof, or against its employees, servants, or agents.

The purpose of subsection (1) is to impose workers' compensation liability and to require that insurance be obtained to cover such liability. As applied to the facts of this case, Super Walls is a corporation conducting business by contracting out work to contractors and subcontractors. With respect to Super Walls, Hawkins Construction is a contractor and Buddy Buzard a subcontractor. Accordingly, Super Walls is construed as an employer within the meaning of the workers' compensation act and is liable to pay compensation to Buzard for injury or death resulting from its business. Super Walls is required to carry workers' compensation insurance and Buzard, as a subcontractor, is deemed an employee of Super Walls.

The purpose of subsection (2) is to confer immunity from other legal actions in return

for the liability imposed by subsection (1). If Buzard, as a subcontractor, is himself an employer in the work contracted out and he carries workers' compensation insurance, then he has no "action of any kind" against Super Walls or its employees. *See Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976), *appeal dismissed*, 429 U.S. 1056, 97 S.Ct. 778, 50 L.Ed.2d 773 (1977).

Buzard asserts that he cannot properly be characterized as a subcontractor under subsections (1) and (2) because Super Walls was a general contractor for the racquetball court construction project, making Hawkins Construction a subcontractor and Buzard a "sub-subcontractor." We reject this argument for two reasons. First, while Buzard may be a "sub-subcontractor" with respect to the construction project, he is a subcontractor with respect to Super Walls through the contractor Hawkins Construction and therefore he falls within the scope of the statute. Second, it appears that the legislature, by extending workers' compensation liability to cover the injury or death of "contractors, or subcontractors," intended that workers' compensation be the remedy for all contractors "downstream" from the one contracting out work, regardless of how many intermediate contractors there might be. The alternative construction would defeat the purpose of this provision by allowing those contracting out work to avoid responsibility under the workers' compensation act by interposing intermediate contractors between themselves and those performing the potentially injurious work. *See Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). This is impermissible because the statute "is intended to cover every business conducted by one through the activities of another under any kind of a contract." *Faith Realty & Development Co. v. Industrial Commission*, 170 Colo. 215, 221, 460 P.2d 228, 230 (1969).

Buzard also claims that he does not fall within the purview of subsection (2), which the trial court ruled conferred immunity upon Super Walls, because he is not "himself an employer in the doing of such work

[who] before commencing such work, insures and keeps insured his liability for [workers'] compensation ...." *See Herriott v. Stevenson*, 172 Colo. 379, 473 P.2d 720 (1970). He admits that his liability was insured, but argues that he cannot properly be characterized as an employer under subsection (2).

■ This argument fails when subsections (1) and (2) are considered together. For the purposes of this statute, a self-employed independent contractor like Buzard is an "employee" subject to injury or death as well as an "employer" able to insure his liability for workers' compensation. Under subsection (1) he may reach "upstream" to Hawkins Construction or Super Walls to establish liability for workers' compensation; they are liable without regard to fault as any employer would be. *See* section 8–52–102, C.R.S.1973 (1983 Supp.). Under section 8–48–101(2) if he has obtained insurance he cannot reach "upstream" to Hawkins Construction or Super Walls to establish tort liability; they are immune from suit as any insured employer would be. *See* section 8–43–104, C.R.S.1973 (1983 Supp.). Statutory immunity goes hand in hand with statutory liability. *Krueger v. Merriman Electric*, 29 Colo.App. 492, 488 P.2d 228 (1971); *Frohlick Crane Service, Inc. v. Mack*, 182 Colo. 34, 510 P.2d 891 (1973). The requirement that Buzard, acting as an employer, obtain insurance in order for Super Walls to be immune from suit guarantees that there will be immunity only when full workers' compensation benefits are obtainable. It also encourages those contracting out work to require that contractors and subcontractors obtain· workers' compensation insurance, as occurred in the present case. *See Melody Homes, Inc. v. Lay*, 44 Colo.App. 49, 610 P.2d 1081 (1980); 2A A. Larson, *The Law of Workmen's Compensation* § 72.31(b) (1983).[2] We conclude that Buzard is an employer who has insured his liability within the meaning of subsection (2), and therefore that Super Walls is immune from tort liability to Buzard.

■ In reaching this conclusion, we acknowledge that where the provisions of the workers' compensation act do not expressly limit the employee with respect to other remedies, such limitations generally are not inferred. *Chartier v. Winslow Crane Service Co.*, 142 Colo. 294, 350 P.2d 1044 (1960). However, in this case consideration of the statute as a whole, together with its clear legislative intent as recognized in *Frohlick, Krueger* and *Melody Homes*, persuades us that the workers' compensation act provides the exclusive remedy for the injuries claimed.

Buzard maintains that if the tort immunity conferred by subsection (2) were broader than the workers' compensation liability established by subsection (1), this would constitute an unconstitutional abrogation of his tort claim. Since we hold that subsection (2) is not broader than subsection (1), we need not consider this argument. He also asks that we overrule the holding in *Edwards v. Price*, 191 Colo. 46, 550 P.2d 856 (1976), *appeal dismissed*, 429 U.S. 1056, 97 S.Ct. 778, 50 L.Ed.2d 773 (1977), or at least decline to extend it to the facts of this case. In *Edwards*, section 8–48–101(2) withstood an equal protection challenge when we held that there was a rational basis for conferring upon a general contractor tort immunity against the claims of the employees of a subcontractor, while denying the same immunity to a subcontractor against the claims of another subcontractor or employees of the general contractor. The rational basis inheres in the policy of making the more financially solvent general contractor ultimately responsible for workers' compensation benefits in return for immunity from common law liability. *See also O'Quinn v. Walt Disney Productions, Inc.*, 177 Colo. 190, 493 P.2d 344 (1972). Buzard notes that he is one

---

**2.** In *Canda v. Industrial Commission*, 44 Colo. App. 70, 607 P.2d 403 (1980), the Colorado Court of Appeals suggested, without discussion, that a self-employed construction worker with no employees of his own is not an employer under section 8–48–101(2). For the reasons discussed in this opinion, we reject that suggestion.

step removed from the general contractor, which was not the case in *Edwards;* however, the rationale of the financially solvent general contractor clearly extends to "all subcontractors," *Edwards v. Price,* 191 Colo. at 52, 550 P.2d at 860, including those "downstream." Buzard also asks this court to adopt the position set forth in the dissent in *Edwards.* We have declined this same invitation in the past, *Ellerman v. Amax, Inc.,* 194 Colo. 392, 572 P.2d 836 (1977), and again adhere to our decision in *Edwards.*

We conclude that section 8–48–101(2), C.R.S.1973 (1983 Supp.), confers immunity upon Super Walls for the injuries suffered here, and therefore that summary judgment against the plaintiffs was properly granted.[3]

Judgment affirmed.

---

**3.** We agree with the trial court that Jacquelyne R. Buzard's claims are derivative in nature and are statutorily barred for the same reasons that bar Buddy Buzard's claims. The plaintiffs have not contended otherwise.