**COLORADO COMPENSATION INSURANCE AUTHORITY,**
Plaintiff–Appellant,

v.

**John V. BAKER and Withers, Seidman & Rice, P.C., Defendants–Appellees.**

No. 96CA1765.

Colorado Court of Appeals,
Div. V.

March 5, 1998.

---

\* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

Dufford & Brown, P.C., Douglas P. Rueg-segger, Douglas A. Thomas, Denver, for Plaintiff–Appellant.

No appearance for John V. Baker.

Springer & Steinberg, P.C., Jeffrey A. Springer, Denver, for Defendant–Appellee Withers, Seidman & Rice, P.C.

Opinion by Judge MARQUEZ.

The sole issue in this appeal is whether the trial court erred in dismissing the civil complaint filed by the Colorado Compensation Insurance Authority (CCIA), which sought repayment of benefits from three workers' compensation claimants and their attorneys. We conclude that there was no error and, therefore, affirm.

Each of the claimants was awarded and received workers' compensation benefits for injuries suffered during the course and scope of his employment. After all the workers' compensation benefits had been paid by CCIA, each of the claimants was also found eligible for social security disability benefits. Thus, at the time that the civil case was filed, the CCIA was unable to obtain an administrative offset against future benefits payable to the claimants.

Accordingly, the CCIA filed a complaint in the district court seeking reimbursement of the overpayments on theories of restitution, money had and received, unjust enrichment, and money paid by mistake. Determining that it lacked subject matter jurisdiction, the trial court granted the motion to dismiss filed by claimants and their attorneys.

CCIA subsequently settled with two of the claimants and their claims were dismissed

with prejudice upon the filing of a motion to dismiss by CCIA.

## I.

The CCIA contends that the Workers' Compensation Act (Act) does not preclude it from obtaining equitable relief from the district court. We disagree.

Under § 8–43–201, C.R.S.1997, the director and administrative law judges employed by the Division of Administrative Hearings have original jurisdiction to hear and decide all matters arising under articles 40 to 47 of that title. The question presented, therefore, is whether that statutory grant of jurisdiction precludes the district court from addressing the claims presented here. We conclude that it does.

For work-related injuries, the employer, insurance carrier, and employee "surrender ... their rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy or proceeding ... other than is provided in [the Act]." Section 8–41–104, C.R.S.1997; *see also* § 8–41–102, C.R.S. 1997. This broad language articulates a legislative decision to establish exclusive as well as comprehensive remedies for injuries that are covered by the Act. *Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985).

■■■■  Thus, when an employer-employee relationship exists under the Act, the immunity from common-law suits should be broadly construed. Therefore, if an injury comes within the coverage of the Act, an action for damages is barred even though a particular element of damages is not compensated for. *Building & Construction Department v. Rockwell International Corp.*, 7 F.3d 1487 (10th Cir.1993) (exclusivity provisions of the Act barred claims brought in the district court by current and former employees of a nuclear weapons plant for medical monitoring costs even though those costs were not specifically covered under the Act); *see Metcalfe v. Bruning Division of AMI*, 868 P.2d 1145 (Colo.App.1993). Similarly, an equitable action such as this one is barred when the injury underlying that action is compensated for under the Act.

■■■■  CCIA contends, however, that the Act does not prohibit it from asserting a civil action to pursue its equitable claims for unjust enrichment, money had and received, restitution, and money paid by mistake, because those claims arose from the intentional and purposeful manipulation of the claims process. We are not persuaded.

The reduction of the aggregate disability benefits payable under the Act by a proportion of the amount paid for federal periodic benefits is permitted by provisions in the Act. Sections 8–42–103(1)(c)(I) and 8–42–103(1)(c)(II), C.R.S.1997. In addition, under § 8–42–103(1)(d)(II), C.R.S.1997, an insurer or employer may require an employee to apply for such periodic benefits. The employee is also required to respond to requests from the insurer or employer as to the status of his or her application, and the failure to comply with that statutory section is cause for suspension of benefits.

Here, since the CCIA sought to recover excess moneys paid for personal injuries that undisputedly were covered by the provisions of the Act, its claims arose under the Act. As the trial court observed, the claims, in effect, sought a reopening of administrative proceedings that had previously been closed. There was no separate injury or tort for which a civil recovery could be sought. Rather, resolution of the issue of reimbursement rested entirely upon the determination of the amount and timing of benefits under the Act. Thus, we reject this argument.

While CCIA relies upon *Traveler's Insurance Co. v. Savio, supra*, its claim is not like the bad faith insurance processing claim asserted by the employee there.

Furthermore, we conclude that *Vaughan v. McMinn*, 945 P.2d 404 (Colo.1997) does not require a contrary conclusion. There, the supreme court determined that *Travelers Insurance Co. v. Savio, supra*, remains viable despite the 1991 amendments to the Act. It reiterated that the Act is primarily directed to the determination of the appropriate compensation for employment-related injuries and death, and that injuries from the inten-

tional mishandling of a claim do not arise out of and in the course of employment.

In addition, the *Vaughan* court emphasized that the tort claim in *Travelers*, like the malpractice claim then before it, constituted a separate and distinct injury from the death or injury underlying the employee's workers' compensation claim. Those claims do not involve an action for compensation available under the Act and, therefore, are not risks contemplated by the general coverage provisions of the Act.

Accordingly, we conclude that the trial court correctly determined that exclusive jurisdiction over the CCIA's claims rested with the director and administrative law judges. This conclusion is supported by decisions in other jurisdictions that have addressed the issue of subject matter jurisdiction. *See American Mutual Insurance Cos. v. Murray*, 420 A.2d 251 (Me.1980); *State Accident Insurance Fund Corp. v. Harris*, 66 Or.App. 165, 672 P.2d 1384 (1983).

Our decision is also consistent with recent legislation amending the Act, applicable to injuries occurring on or after July 1, 1997, which now addresses the type of situation at issue here. *See* §§ 8–42–113.5, 8–43–303(2)(a), and 8–43–306, C.R.S.1997. Those amendments require that a claimant provide written notice within twenty days of learning of an award of social security or other related benefits, require reopening of any award when a prima facie showing has been made that the claimant has received an overpayment of benefits, require recovery of overpayments in accordance with § 8–42–113.5, when applicable, and provide for the filing and enforcement in district court of an order by the director or ALJ that requires repayment of workers compensation overpayments. *Cf. Lewis v. Scientific Supply Co.,*

897 P.2d 905 (Colo.App.1995) (determining that such authority did not exist absent statutory provision creating it under prior law).

## II.

■ CCIA also asserts that the claimants' attorneys have no liability and, therefore, are not entitled to any immunity under the Act. Again, we disagree.

■ Under the exclusive remedy provision of the Act, certain injuries or damages sustained by non-parties are barred if they "derive from" the injury to the party, even if the Act does not provide a substitute remedy to the injured non-party as it does to the injured party. *See Pizza Hut of America, Inc. v. Keefe*, 900 P.2d 97 (Colo.1995).

Here, we conclude that the CCIA's claims against the attorneys are derivative of those against the claimants. Consequently, they are also barred by the Act.

## III.

The CCIA finally argues that public policy is violated by allowing claimants and their attorneys to retain the overpayments. However, this is a matter that the General Assembly has determined to rectify only recently.

The order is affirmed.

KAPELKE and KIRSHBAUM *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Sec. 5(3), and

§ 24–51–1105, C.R.S.1997.