Mark **HENDERSON** and Toni Henderson, individually and as parents and next friend of Joshua Ray Henderson, a minor, Plaintiffs–Appellants,

v.

William **BEAR**, individually and d/b/a Bear's Car Wash and Detail Center; Susan Bear, individually and d/b/a Bear's Car Wash and Detail Center; David Cordes, individually and d/b/a Bear's Car Wash and Detail Center; BCD, Ltd., a limited partnership d/b/a Bear's Car Wash and Detail Center, Defendants–Appellees.

No. 97CA1382.

Colorado Court of Appeals, Div. V.

Oct. 15, 1998.

Krieger, Hale & Mulcahy, Michael S. Krieger, Elizabeth A. Oldham, Englewood, for Plaintiffs–Appellants.

Reiman & Bayaz, P.C., Jeff Reiman, Darren E. Nadel, Denver, for Defendants–Appellees.

Opinion by Judge MARQUEZ.

Mark and Toni Henderson (parents), individually and as the parents of Joshua Henderson (child), appeal the trial court's dismissal of their action for the death of their child which they filed against William Bear, Susan Bear, and David Cordes, all individually and doing business as Bears Car Wash & Detail, and BCD, Ltd., doing business as Bears Car Wash (collectively employer). The parents also appeal the assessment of attorney fees against their attorney, Michael S. Krieger. We affirm the judgment of dismissal, dismiss that portion of the appeal relating to the award of attorney fees, and remand for further proceedings.

When he was 15 years old, the child died from electrocution while working for employer. His parents received a $4000 funeral benefit and reimbursement for medical expenses under the Workers' Compensation Act, §8–40–101, et seq., C.R.S.1998. The parents specifically raised the issue of their entitlement to dependency benefits at the administrative proceedings, but those benefits were not awarded.

The parents then filed an action against employer for wrongful death, violation of the Colorado Youth Employment Opportunity Act, §8–12–101, et seq., C.R.S.1998 (Youth Act), violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (FLSA), and extreme and outrageous conduct. Employer filed a combined motion to dismiss and motion for summary judgment, arguing that the

Workers' Compensation Act was the parents' exclusive remedy for claims based on the death of their child and that the statutes under which the claims are brought do not support private causes of action.

The trial court granted the motion to dismiss under C.R.C.P. 12(b)(5). It declined to imply a private civil remedy under either the Youth Act or the FLSA, and noted that the parties agreed to dismissal of the wrongful death claims. Attorney fees in the amount of $4000 were assessed against the parents' counsel under §13–17–201, C.R.S.1998 (award of attorney fees for C.R.C.P. 12(b) dismissal of wrongful death action) and §13–17–102(2), C.R.S.1998 (award of fees for maintaining action that lacks substantial justification).

## I.

The parents contend that the trial court erred in dismissing the complaint because the FLSA and Youth Act create implied private causes of action that supersede the exclusivity provisions of the Workers' Compensation Act. We disagree.

For work-related injuries, an employee surrenders his "rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding ... other than is provided in [the Workers' Compensation Act]." Section 8–41–104, C.R.S.1998; *see also* §8–41–102, C.R.S.1998. This broad language articulates a legislative decision to establish exclusive as well as comprehensive remedies for injuries that are covered by the Act. *Colorado Compensation Insurance Authority v. Baker,* 955 P.2d 86 (Colo.App.1998).

■ When an employer-employee relationship exists under this Act, the immunity from common-law suits should be broadly construed. Therefore, if an injury comes within the coverage of the Act, an action for damages is barred even though compensation is not provided for a particular element of damages. *Colorado Compensation Insurance Authority v. Baker, supra.*

■ A wrongful death action brought against an employer by an employee's nondependent parents, based upon the death of the employee which occurred in the course and scope of the employee's employment, is strictly derivative and barred by the exclusivity provisions of the act, even though the parents suffer their own distinct injuries. *See Ryan v. Centennial Race Track, Inc.,* 196 Colo. 30, 580 P.2d 794 (1978); *Rodriquez v. Nurseries, Inc.,* 815 P.2d 1006 (Colo.App. 1991); *see also Pizza Hut of America v. Keefe,* 900 P.2d 97 (Colo.1995).

Accordingly, the dispositive issues become whether private civil remedies are implied under the Youth Act and FLSA, and if so, whether those remedies supersede the exclusivity principles of the Workers' Compensation Act.

## A.

■ The parents argue that the child labor provisions of the FLSA were violated because their child performed prohibited labor. Therefore, they claim entitlement to remedies under an implied private cause of action. We are not persuaded.

■ Four factors are relevant to determining whether a private remedy is implicit in a federal statute not expressly providing one. First, is the plaintiff one of the class for whose special benefit the statute was enacted? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law? *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Villanueva v. Carere,* 873 F.Supp. 434 (D.Colo.1994)(using the *Cort* test in concluding that there is no private right of action under school improvement legislation). Subsequently, the Supreme Court emphasized that legislative intent is the central inquiry, and that the other factors are instrumental in determining that intent. *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979).

In *Breitwieser v. KMS Industries, Inc.*, 467 F.2d 1391 (5th Cir.1972), the court refused to imply a private civil remedy under the FLSA for the wrongful death of a child who died in the course of employment. It recognized that the FLSA contains a comprehensive enforcement scheme, including substantial criminal penalties for violations of child labor law. Nevertheless, in considering whether further relief was appropriate, it concluded that a private civil remedy was not needed, partly because the state provided a workers' compensation remedy—albeit small—and also because workers' compensation is a field traditionally the concern of the states.

The parents urge us to disregard the holding in *Breitwieser* because it was disapproved in *Stewart v. Travelers Corp.*, 503 F.2d 108 (9th Cir.1974). We reject this position, given that another panel of the same court subsequently declined to follow *Stewart*. See *Le Vick v. Skaggs Cos.*, 701 F.2d 777 (9th Cir.1983). Instead, we agree with the *Breitwieser* analysis because, as in that case, the Workers' Compensation Act here provides the parents a remedy. *See also Kube v. Kube*, 193 Neb. 559, 227 N.W.2d 860 (1975); *Jensen v. Sport Bowl, Inc.*, 469 N.W.2d 370 (S.D.1991)(FLSA provides no private right of action which would preempt the state workers' compensation law). Questions as to the inadequacy of that remedy do not justify the creation of a new federal remedy in addition to the criminal penalties provided by the FLSA.

For this reason, we decline to infer a private civil remedy for violation of the FLSA.

### B.

■ Similarly, we decline to infer the existence of a private remedy under the Youth Act.

In determining whether to infer a private cause of action, the Colorado courts have applied the factors set out in *Cort. See Allstate Insurance Co. v. Parfrey*, 830 P.2d 905 (Colo.1992).

The parents cite *Parfrey v. Allstate Insurance Co.*, 815 P.2d 959 (Colo.App.1991), *aff'd*, 830 P.2d 905 (Colo.1992) as supporting their argument for the existence of an implied private cause of action. However, in that case, the applicable statute provided no remedy for individual violations. In contrast, the Youth Act provides penalties for violations, *see* §8–12–116, C.R.S.1998, and therefore parents' reliance on *Parfrey* is misplaced. *See Gerrity Oil & Gas Corp. v. Magness*, 946 P.2d 913 (Colo.1997)(when statutory language indicates that the General Assembly considered the issue of remedies for violations of the statute, and chose not to include a private remedy in damages, court will not infer such a remedy).

The purpose of the Youth Act, as set forth in the legislative declaration, is "to foster the economic, social and educational development of young people through employment." Section 8–12–102, C.R.S.1998. Our refusal to infer a private cause of action for violations of the Act does not frustrate this purpose.

The stated purpose of the Youth Act indicates that it benefits children, not their parents. Accordingly, a private cause of action for parents is not contemplated by the Youth Act. On the contrary, it appears that penalties for violation of this act may be levied *against* parents if they knowingly permit their child to be employed in violation of the Youth Act. *See* §8–12–116(1), C.R.S.1998.

Having determined that a private remedy may not be implied in either the FLSA or the Youth Act, we necessarily conclude that the trial court properly dismissed these claims. *See Middlemist v. BDO Seidman, LLP*, 958 P.2d 486 (Colo.App.1997)(appellate court will uphold a dismissal under C.R.C.P. 12(b)(5) only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his of her claim which would entitle plaintiff to relief).

### II.

■ The parents also contend that the trial court erred in awarding attorney fees against their counsel. Employer argues, in a motion to strike these issues, that the parents lack standing to appeal an award of attorney fees entered against their attorney. We agree with employer and, therefore, dismiss this portion of the appeal.

■ Only parties adversely affected by a judgment may appeal it. *Biel v. Alcott*, 876

P.2d 60 (Colo.App.1993). Therefore, the parents are precluded from raising this issue since only their attorney was adversely affected and the attorney has not filed a separate notice of appeal or added his name as an appellant to this appeal. *See E & A Associates v. First National Bank,* 899 P.2d 243 (Colo.App.1994).

Our disposition of these issues obviates the need to address the parents' various other contentions.

Employer's request for attorney fees on appeal is granted. Employer was awarded attorney fees by the trial court pursuant to §13–17–201, C.R.S.1998, and is entitled to reasonable attorney fees for defending the appeal. *See Levy–Wegrzyn v. Ediger,* 899 P.2d 230 (Colo.App.1994). Because the statute does not specify against whom the attorney fees may be awarded, we do not address that question here.

The judgment of dismissal is affirmed, the appeal of the award of attorney fees against parents' attorney is dismissed, and the cause is remanded for consideration of an award of reasonable attorney fees to employer for defending the appeal.

BRIGGS and TAUBMAN, JJ., concur.