**Harold McKELVY, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Defendant–Appellee.**

**No. 97CA0826.**

Colorado Court of Appeals, Division I.

Dec. 24, 1998.

Rehearing Denied Feb. 25, 1999.

Certiorari Denied Sept. 13, 1999.

Van Horne, Noall & Hodges, P.C., L. Scott Noall, Richard M. Hodges, Denver, for Plaintiff–Appellant.

Gibson, Dunn & Crutcher LLP, Gregory J. Kerwin, Stephen C. McKenna, Phillip F. Smith, Jr., Denver, for Defendant–Appellee.

Opinion by Judge METZGER.

Plaintiff, Harold McKelvy, appeals the judgment dismissing his complaint against defendant, Liberty Mutual Insurance Company. We affirm in part, reverse in part, and remand the cause for further proceedings.

Alleging that he had been injured in the course and scope of his employment with defendant's insured, plaintiff filed a claim seeking workers' compensation benefits. Thereafter, asserting that defendant had failed to pay his disability and medical benefits on a timely basis and had not provided adequate medical treatment for his injuries, plaintiff sued defendant. In his complaint, he sought damages based on the theories of: 1) breach of contract, 2) bad faith breach of insurance contract, and 3) intentional infliction of emotional distress/outrageous conduct.

Defendant moved for dismissal, arguing that the Workers' Compensation Act, §§ 8–40–101, et seq., C.R.S.1998 (the Act), provided the exclusive remedy for plaintiff. After full briefing by both parties, the trial court agreed with defendant and dismissed the action, holding that it was without jurisdiction to hear plaintiff's claims.

Thereafter, the supreme court issued its decision in *Vaughan v. McMinn,* 945 P.2d 404, 405–406 (Colo.1997), in which it held that the Act "did not abrogate the common law tort of bad faith breach of an insurance contract ... [and that] this tort remains a viable cause of action in Colorado."

This appeal followed.

## I.

We agree with both parties that, in light of the holding in *Vaughan v. McMinn, supra,* the portion of the judgment dismissing plaintiff's claim of bad faith breach of an insurance contract must be reversed and the cause must be remanded for further proceedings on that claim.

## II.

Plaintiff contends the trial court erred in concluding that any relief for defendant's alleged breach of contract must be obtained exclusively through the workers' compensation scheme. We disagree.

In his breach of contract claim, plaintiff alleged that defendant had failed to honor its obligation to provide him with adequate workers' compensation benefits. Thus, the damages plaintiff sought are the very benefits provided by the Act. As a result, this claim falls squarely within the remedies provided under the Act, and he may not avoid its exclusivity provisions merely by framing his claim as one for breach of contract. Sections 8–40–102 and 8–41–301, C.R.S.1998. *See also Digliani v. City of Fort Collins,* 873 P.2d 4 (Colo.App.1993).

Nevertheless, plaintiff argues, the Act is not exclusive here because it does not provide for consequential damages, a remedy that he could obtain under the common law claim. However, if an injury comes within the coverage of the Act, a common law action

is barred even though a particular element of damages may not be provided as compensation. *See Colorado Compensation Insurance Authority v. Baker,* 955 P.2d 86 (Colo.App. 1998).

Since the Act provides a comprehensive and exclusive remedy for plaintiff's asserted breach of contract injuries, the trial court correctly determined that it lacked jurisdiction over this claim. *See* §§ 8–40–102 and 8–41–301.

### III.

Plaintiff further asserts the trial court erred in dismissing his claim for intentional infliction of emotional distress/outrageous conduct, and in reasoning that that claim "flowed from" his bad faith breach of insurance contract claim. Defendant responds that, because the common law tort of bad faith breach of an insurance contract remains a viable claim as a result of the decision in *Vaughan v. McMinn, supra,* and because damages for emotional distress are recoverable in bad faith actions, "injured employees do not need additional causes of action." Thus, defendant argues, the trial court's ruling was correct. We agree with plaintiff.

Injuries arising from the mishandling of a workers' compensation insurance claim do not fall within the exclusive province of the Act. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). Thus, since plaintiff's claim for intentional infliction of emotional distress/outrageous conduct arises out of defendant's alleged mishandling of his workers' compensation claim, the trial court has jurisdiction to consider it. *See Vaughan v. McMinn, supra.*

We reject defendant's assertion that plaintiff may not maintain both a bad faith breach of insurance contract claim and an intentional infliction of emotional distress/outrageous conduct claim. The elements of these torts are sufficiently different that plaintiff should be allowed to plead these alternative theories of recovery. *Adams v. Poudre Valley Hospital District,* 173 Colo. 98, 476 P.2d 565 (1970).

Intentional infliction of emotional distress/outrageous conduct requires proof that the defendant engaged in extreme and outrageous conduct, recklessly or with the intent of causing the plaintiff severe emotional distress, and that the plaintiff incurred severe emotional distress as a result of defendant's conduct. *See Munoz v. State Farm Mutual Automobile Insurance Co.,* 968 P.2d 126 (Colo.App.1998).

On the other hand, bad faith breach of insurance contract requires proof that plaintiff incurred injuries, damages, or losses which were caused by the defendant's unreasonable actions. *See Miller v. Byrne,* 916 P.2d 566 (Colo.App.1995).

It is apparent that both the level of scienter and the level of conduct of a defendant differ for each of these torts. Accordingly, plaintiff should be allowed to pursue both theories. *See Harvey v. Farmers Insurance Exchange,* 983 P.2d 34 (Colo.App.1998); *see also Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997).

That portion of the judgment dismissing plaintiff's claim for breach of contract is affirmed. In all other respects, the judgment is reversed and the cause is remanded for further proceedings.

Judge JONES and Judge KAPELKE concur.