Brandon COWGER, Plaintiff–Appellant,

v.

HENDERSON HEAVY HAUL TRUCKING INC., Defendant–Appellee.

No. 05CA0416.

Colorado Court of Appeals, Div. II.

March 22, 2007.

Certiorari Denied Jan. 15, 2008.

Killian, Guthro & Jensen, P.C., James P. Guthro, Amy K. Eaton–Fitzpatrick, Damon J. Davis, Grand Junction, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Robert J. McCormick, Ryan L. Winter, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROTHENBERG.

Plaintiff, Brandon Cowger, appeals from a summary judgment entered by the trial court dismissing his negligence action against defendant, Henderson Heavy Haul Trucking, Inc., and concluding it was barred by the exclusivity provisions of the Workers' Compensation Act (Act). We reverse and remand for further proceedings.

## I.

Henderson is a contractor that owns and uses cranes. It was in the business of moving, among other things, oil well drilling and service equipment and was hired to move a particularly large item of oil field equipment that exceeded the capacity of its cranes. Henderson therefore subcontracted with Webb Crane (the subcontractor) for crane services.

Cowger was employed by the subcontractor as a "swamper," a crane hand who assists the crane operator. He and his supervisor were sent to perform the subcontract, and it is undisputed that they were under Henderson's supervision and direction.

On the date in question, a truck owned and operated by Henderson was carrying a large piece of oil field equipment, and the truck became ensnared in an overhead power line. Cowger and his supervisor were instructed by the truck driver, a Henderson employee, to push the electrical line up and over the truck as it moved forward. The truck driver apparently thought the line was a low voltage communications line. Cowger was electrocuted when he grabbed the line with his gloved hands, and he suffered serious injuries. Following the accident, he received workers' compensation benefits from Pinnacol Assurance, which insured the subcontractor.

Thereafter, Cowger filed this personal injury action against Henderson alleging negligence and negligence per se. Henderson filed a motion for summary judgment contending that it was a statutory employer, that it was immune from liability for damages, and that Cowger's exclusive remedy was to apply for workers' compensation benefits under the Act. The trial court agreed and granted the motion.

## II.

Cowger contends the trial court erred in granting summary judgment in favor of Henderson. We agree.

We review the trial court's summary judgment de novo. *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814 (Colo. 2004).

 Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988). Only if the moving party meets the burden of establishing that no genuine issue of any

material fact exists is a case appropriate for summary judgment. Unless the moving party meets that burden, the opposing party is not required to submit an opposing affidavit. C.R.C.P. 56(c), (e); *Ginter v. Palmer & Co.,* 196 Colo. 203, 206, 585 P.2d 583, 585 (1978).

For injuries arising out of and in the course of employment, an employee surrenders any right to claim damages from the employer except for the remedies granted by the Act. Section 8–41–104, C.R.S.2006; *see also* § 8–41–102, C.R.S.2006 (employer is not subject to any other liability except as provided in the Act). The Act thus represents a legislative decision to establish exclusive remedies for injuries that are covered by it. *Horodyskyj v. Karanian,* 32 P.3d 470 (Colo. 2001); *Colo. Comp. Ins. Auth. v. Baker,* 955 P.2d 86 (Colo.App.1998); *see McKelvy v. Liberty Mut. Ins. Co.,* 983 P.2d 42 (Colo.App. 1998) (exclusivity provisions may not be avoided by framing a claim as a breach of contract, but claims for bad faith breach of insurance contract, intentional infliction of emotional distress, and outrageous conduct could be pursued).

Section 8–41–401(1)(a), C.R.S.2006, defines a statutory employer and provides, in pertinent part:

> Any ... corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any ... contractor[ ] or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 47 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said ... contractors[ ] and subcontractors and their employees....

Section 8–41–401(2), C.R.S.2006, provides immunity to, among others, statutory employers if the injured worker's direct employer carries workers' compensation insurance:

> If said ... contractor[ ] or subcontractor is also an employer in the doing of such work and, before commencing such work, insures and keeps insured its liability for compensation as provided in articles 40 to 47 of this title, neither said ... contractor[ ] or subcontractor, its employees, [n]or

its insurer shall have any right of contribution or action of any kind, including actions under section 8–41–203 [actions against third parties], against the person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof, or against its employees, servants, or agents.

The interplay between subsections 8–41–401(1)(a) and 401(2) was discussed by the supreme court in *Frank M. Hall & Co. v. Newsom,* 125 P.3d 444, 447 (Colo.2005). The court there discussed the history of the statute, explaining that:

> Subsection 8–41–401(2) of the current statute came into being in 1963, in effect responding to and reversing the outcome otherwise required by a federal court interpretation of then-existing language [in *Thomas v. Farnsworth Chambers Co.,* 286 F.2d 270 (10th Cir.1960) ]. In the absence of an express provision to the contrary, the federal court refused to construe the statute as immunizing a general contractor from a negligence suit by an employee of its subcontractor, even where the general contractor was a statutory employer of the subcontractor's employee and the subcontractor had insured its liability for the death or injury of its employee as required by statute. The general assembly responded by adding language to make clear that if a subcontractor of whom the general contractor was deemed to be the employer kept insured its own liability for its employees as statutorily required, the general contractor would be considered to have fulfilled its obligation as an employer, and neither the subcontractor nor its employees would "have any right of contribution or action of any kind" against the general contractor. [Section] 8–48–101(2), C.R.S. (1989) (currently § 8–41–401(2) ). This provision remains unaltered today.

*Frank M. Hall & Co. v. Newsom, supra,* 125 P.3d at 449 (additional citations omitted).

The supreme court nevertheless clarified that subsection 401(2) of the statute "by its own terms, applies only to the ... contractors[ ] and subcontractors described in sub-

section 401(1)(a)." The court explained that subsection 401(2) was not intended to extend the scope of immunity beyond those who were deemed to be statutory employers under subsection 401(1)(a).

As we read *Frank M. Hall & Co. v. Newsom, supra,* in order for a general contractor such as Henderson to qualify for immunity from tort under subsection 401(2) of the Act, the general contractor must first meet the requirements of subsection 401(1)(a) and prove it is a statutory employer. *Frank M. Hall & Co. v. Newsom, supra; see Finlay v. Storage Technology Corp.,* 764 P.2d 62, 63 (Colo.1988) ("The [workers' compensation scheme] grants an injured employee compensation from the employer without regard to negligence and, in return, the responsible employer is granted immunity from common-law negligence liability. *To be afforded this immunity, an employer must be a 'statutory employer' as contemplated by the workers' compensation act.*") (citation omitted).

In *Finlay v. Storage Tech. Corp., supra,* 764 P.2d at 66, the supreme court stated that the test for whether an employer is a statutory employer for purposes of the Act is whether the work contracted out was part of the employer's "regular business" as defined by its total business operation:

> [T]he "regular business" test is satisfied where the disputed services are such a regular part of the statutory employer's business that absent the contractor's services, they would of necessity be provided by the employer's own employees. *See, e.g., San Isabel Elec. Ass'n v. Bramer,* 182 Colo. 15, 19, 510 P.2d 438, 440 (1973) (employee of aircraft service that made aerial inspection trips of electric association's transmission and distribution lines under contract with electric association held to be statutory employee of electric association); *Wagner v. Coors Energy Co.,* 685 P.2d 1380, 1381 (Colo.App.1984) (no statutory immunity from tort liability where alleged statutory employer failed to demonstrate that absent the contractor's services, the work would of necessity be provided by the employer's employees); *Campbell v. Black Mountain Spruce, Inc.,* 677 P.2d 379, 381

(Colo.App.1983) (nature of lumber producer's business was such that absent contracted services of planing mill, the services performed by employee of planing mill would have to be accomplished by lumber producer's own employees); *Melody Homes, Inc. v. Lay,* 44 Colo.App. 49, 50–51, 610 P.2d 1081, 1082–83 (1980) (security service was such "an integral part of the operation of a construction site" that "but for hiring of the independent contractor, the service would of necessity be provided by the employer's own employees").

From these cases there emerges a broader standard that takes into account the constructive employer's total business operation, including the elements of routineness, regularity, and the importance of the contracted service to the regular business of the employer.

Here, the parties agree Henderson would be immune from this tort action if it was a statutory employer at the time of Cowger's injury, and they also agree that use of the "regular business" test is a means for determining whether a business is a statutory employer of a subcontractor in accordance within § 8–41–401(1)(a). However, they disagree whether there is a genuine issue of fact as to that issue.

In its order granting summary judgment, the trial court concluded there was no genuine issue of fact in this case as to whether Henderson was a statutory employer because using cranes to move heavy loads was part of Henderson's regular business. The court reasoned as follows:

> [Henderson's] regular business was the moving of heavy loads from one location to another. When the loads were heavy enough to require the use of the crane, contracting with a crane company to handle the extra heavy loads would be an important part of [Henderson's] business. The routineness and regularity of such hiring would be determined by the size of the loads being transported. But all such work was a part of [Henderson's] business. The Court therefore finds that the work contracted out to Webb Crane is part of

[Henderson's] regular business and satisfies the regular business test.

However, contrary to the trial court's conclusion, Cowger's injury did not arise from moving heavy loads from one location to the other or from the use of the crane. It arose from Henderson's request that he lift a power line. We conclude there is a genuine issue of material fact whether the work being performed by Cowger and contracted out by Henderson at the time of his injury—that is, helping to release Henderson's truck by lifting and moving power lines—was part of Henderson's "regular business" as defined by its total business operation. *See Finlay v. Storage Tech. Corp., supra.* Indeed, Cowger has cited authority that appears to prohibit such activity. *See* § 9–2.5–102, C.R.S.2006.

Henderson's reliance on *Buzard v. Super Walls, Inc.*, 681 P.2d 520 (Colo.1984), is misplaced. Super Walls was the general contractor of a construction project, and it subcontracted part of its work to the Hawkins Construction Company. Hawkins, in turn, subcontracted part of the work to Buzard, who was a self-employed, self-insured subsubcontractor. While Buzard was working on the construction project, he fell through a roof and was injured.

Buzard had his own workers' compensation insurance, and he received benefits under that policy. But he also filed a separate tort action against Super Walls, alleging that its employees had negligently installed roof trusses, which had caused the collapse of the roof and his fall. The trial court in the tort action granted summary judgment in favor of Super Walls, concluding that it was Buzard's statutory employer and therefore immune from suit, and that Buzard's exclusive remedy was to seek compensation under the Act.

The supreme court agreed. It determined that subsections (1) and (2) of § 8–41–104 must be considered together, and that "[f]or the purposes of this statute, a self-employed independent contractor like Buzard is an 'employee' subject to injury or death as well as an 'employer' able to insure his liability for workers' compensation." *Buzard v. Super*

*Walls, Inc., supra*, 681 P.2d at 523. The supreme court also determined that "Buzard is an employer who has insured his liability within the meaning of subsection (2) [of the Act], and therefore, that Super Walls is immune from tort liability to Buzard." *Buzard v. Super Walls, Inc., supra*, 681 P.2d at 523.

There are two important distinctions between *Buzard* and the instant case. First, the supreme court determined that Buzard was both an employer and an employee who insured his own liability under the Act. Second, Buzard never contended he was injured while performing work for Super Walls that was outside the contract. Here, in contrast, Cowger was solely an employee of the subcontractor, and he has challenged Henderson's assertion that it is a statutory employer. Accordingly, we conclude *Buzard* is inapposite.

In summary, we conclude that Henderson is only immune from tort liability to Cowger under § 8–41–401(2) if it is a statutory employer under § 8–41–401(1)(a), and that there is a genuine issue of material fact whether Henderson was a statutory employer when Cowger was injured. Accordingly, the trial court erred in entering summary judgment in favor of Henderson.

Given our conclusion, we need not address Cowger's remaining contentions.

The judgment is entered in favor of Henderson is reversed, and the case is remanded to the trial court for trial on the merits.

Judge METZGER * concurs.

Judge ROY dissents.

Judge ROY dissenting.

I respectfully dissent.

For injuries arising out of and in the course of employment, an employee surrenders any right to claim damages from the employer except for the remedies granted by the Act. Section 8–41–104, C.R.S.2006; *see also* § 8–41–102, C.R.S.2006 (employer is not

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

subject to any other liability except as provided in the Act). The Act thus represents a legislative decision to establish exclusive remedies for injuries that are covered by it. *Horodyskyj v. Karanian,* 32 P.3d 470 (Colo. 2001); *Colo. Comp. Ins. Auth. v. Baker,* 955 P.2d 86 (Colo.App.1998); *see McKelvy v. Liberty Mut. Ins. Co.,* 983 P.2d 42 (Colo.App. 1998) (exclusivity provisions may not be avoided by framing a claim as a breach of contract, but claims for bad faith breach of insurance contract, intentional infliction of emotional distress, and outrageous conduct could be pursued).

Section 8–41–401(1)(a), C.R.S.2006, which defines a statutory employer provides, in pertinent part, that:

> Any ... corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work thereof to any ... contractor[ ] or subcontractor, irrespective of the number of employees engaged in such work, shall be construed to be an employer as defined in articles 40 to 47 of this title and shall be liable as provided in said articles to pay compensation for injury or death resulting therefrom to said ... contractors[ ] and subcontractors and their employees....

Section 8–41–401(2), C.R.S.2006, provides immunity to contractors if the injured worker's direct subcontracting employer carries workers' compensation insurance:

> If said ... contractor[ ] or subcontractor is also an employer in the doing of such work and, before commencing such work, insures and keeps insured its liability for compensation as provided in articles 40 to 47 of this title, neither said ... contractor[ ] or subcontractor, its employees, [n]or its insurer shall have any right of contribution or action of any kind, including actions under section 8–41–203 [actions against third parties], *against the person, company, or corporation operating or engaged in or conducting any business by leasing or contracting out any part or all of the work* thereof, or against its employees, servants, or agents.

(Emphasis added.)

Here, it is undisputed that (1) Webb Crane, a subcontractor and Cowger's direct employer, was an independent contractor which carried workers' compensation insurance covering Cowger at the time he was injured; (2) Cowger was acting within the scope of his employment with the subcontractor at the time of the accident; and (3) Cowger had received benefits under that insurance. Therefore, the plain meaning of § 8–41–401(2) precludes this action by Cowger against Henderson.

In addition, in my view, the phrase in § 8–41–401(2), "including actions under section 8–41–203," requires this conclusion. Section 4–41–203 permits an injured employee to sue a third-party tortfeasor, which Henderson would arguably be if it were not a statutory employer under § 8–41–401(1); and § 8–41–203 also provides the basis upon which the interest of Pinnacol Assurance, the direct employer's workers' compensation insurer, is premised. Section 8–41–203(1)(b), C.R.S. 2006. Further, my conclusion is consistent with the exclusivity of remedies intended by the General Assembly, *see Horodyskyj v. Karanian, supra,* and with the policy of encouraging general contractors to ensure that subcontractors carry the requisite workers' compensation insurance covering their employees, as that protects the general contractor under § 8–41–401(2).

Finally, I find comfort in the case authority construing and applying § 8–41–401(2)'s statutory predecessor, Colo. Sess. Laws 1975, ch. 71, § 8–41–101(2) at 296–97 (now codified with minor amendments as § 8–41–401(2) ). In *Buzard v. Super Walls, Inc.,* 681 P.2d 520 (Colo.1984), the plaintiff, an independent contractor, was a sub-subcontractor on a construction project and was injured by falling through a roof. The plaintiff had his own workers' compensation insurance and had received benefits under that policy. The plaintiff commenced a tort action against the general contractor alleging that its employees had negligently installed roof trusses thereby causing the roof to collapse and his fall. On appeal, the plaintiff argued that he did not come within the purview of § 8–41–101(2) because he was not, himself, an employer under the circumstances. The supreme court rejected that argument:

This argument fails when subsections (1) and (2) are considered together. For the purposes of this statute, a self-employed independent contractor ... is an "employee" subject to injury or death as well as an "employer" able to insure his liability for workers' compensation. Under subsection (1) he may reach "upstream" to [the general contractor and subcontractor] to establish liability for workers' compensation; they are liable without regard to fault as any employer would be. Under section 8–48–101(2) if he has obtained insurance he cannot reach "upstream" to [the general contractor and subcontractor] to establish tort liability; they are immune from suit as any insured employer would be. Statutory immunity goes hand in hand with statutory liability. The requirement that [plaintiff], acting as an employer, obtain insurance in order for [the general contractor] to be immune from suit guarantees that there will be immunity only when full workers' compensation benefits are obtainable. It also encourages those contracting out work to require that contractors and subcontractors obtain workers' compensation insurance, as occurred in the present case. We conclude that [plaintiff] is an employer who has insured his liability within the meaning of subsection (2), and therefore that [the general contractor] is immune from tort liability to [plaintiff].

*Buzard v. Super Walls, Inc., supra,* 681 P.2d at 523 (citations and footnote omitted); *see also Finlay v. Storage Tech. Corp.,* 764 P.2d 62 (Colo.1988).

To reach the contrary result, my learned colleagues rely, in part, on language contained in *Frank M. Hall & Co. v. Newsom,* 125 P.3d 444 (Colo.2005), which states that § 8–41–401(2) must be read in conjunction with § 8–41–401(1) because the language of the former is clearly linked to the language of the latter. While I agree that § 8–41–401(2) must be read in conjunction with § 8–41–401(1), I do not agree that this reading requires the result reached by my learned colleagues.

Later in its *Newsom,* the supreme court states:

Subsection 8–41–401(2) of the current statute came into being in 1963, in effect responding to and reversing the outcome otherwise required by a federal court interpretation of then-existing language [in *Thomas v. Farnsworth Chambers Co.,* 286 F.2d 270 (10th Cir.1960) ]. In the absence of an express provision to the contrary, the federal court refused to construe the statute as immunizing a general contractor from a negligence suit by an employee of its subcontractor, even where the general contractor was a statutory employer of the subcontractor's employee and the subcontractor had insured its liability for the death or injury of its employee as required by statute. [*The general assembly responded by adding language to make clear that if a subcontractor of whom the general contractor was deemed to be the employer kept insured its own liability for its employees as statutorily required, the general contractor would be considered to have fulfilled its obligation as an employer, and neither the subcontractor nor its employees would "have any right of contribution or action of any kind" against the general contractor. [Section] 8–48–101(2), C.R.S. (1989) (currently § 8–41–401(2) ). This provision remains unaltered today.*

*Frank M. Hall & Co. v. Newsom, supra,* 125 P.3d at 449 (additional citations omitted; emphasis added).

Therefore, in my view, a contractor is immune from tort liability to the employee under § 8–41–401(2). I would affirm the order granting summary judgment in favor of Henderson.